**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4507**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

      v.

ALVIN JOSEPH ROSS, JR., a/k/a hrnybtmincharlotte, a/k/a Jacob
Jingleheimer,

               Defendant – Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge.  (1:07-cr-00102-LHT-1)

_____

Submitted:  October 1, 2009      Decided:  November 18, 2009

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Claire J. Rauscher, Executive Director, FEDERAL DEFENDERS OF
WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina;
Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA,
INC., Asheville, North Carolina, for Appellant.  Gretchen C. F.
Shappert, United States Attorney, Charlotte, North Carolina; Amy
E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Joseph Ross pled guilty to one count of traveling in interstate commerce for the purpose of engaging in a sexual act with a minor who was (a) over 12 years-old but less than 16 years-old and (b) at least four years younger than Ross, in violation of 18 U.S.C. § 2423(b). Ross was sentenced to 66 months of imprisonment, and he now appeals the sentence arguing that the district court erroneously applied a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B). For the reason set forth below, we vacate the sentence and remand for further proceedings.

On appeal, Ross contends that the enhancement – which generally applies when a defendant unduly influences a minor to engage in prohibited sexual conduct -- is inapplicable because the "minor" in this case was actually an undercover law enforcement officer with whom he communicated via the internet. At the time of the sentencing, a circuit split existed on the applicability of the enhancement in this circumstance, and this Court had not addressed the issue. During the pendency of this appeal, the United States Sentencing Commission amended the Commentary to § 2G1.3 expressly to resolve the circuit split, explaining that "subsection (b)(2)(B) does not apply in a case in which the only 'minor' . . . involved in the offense is an

undercover law enforcement officer."  U.S.S.G. App. C. Supp., Amend. 732 (effective Nov. 1, 2009).

In light of the amendment, we requested supplemental briefs from the parties on the question of whether the amendment is applicable in this case.  Based on our circuit precedent, the parties contend that the amendment is a "clarifying amendment" which must be applied on appeal and, therefore, we should remand the case to the district court for resentencing.  We agree. See, e.g., United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004) (explaining the applicability of "clarifying" guideline amendments on appeal).

Accordingly, we vacate Ross' sentence and remand this case to the district court for resentencing.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED