[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13795

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00031 CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SETH JERCHOWER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 25, 2011)

Before BLACK, MARTIN and COX, Circuit Judges.

BLACK, Circuit Judge:

Seth Jerchower appeals his sentence, imposed following his guilty plea to one count of using interstate commerce to attempt to induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Jerchower asserts that the district court incorrectly included in his offense level calculation a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), which applies when a participant has "unduly influenced a minor to engage in prohibited sexual conduct," because the only "minor" involved in his case was an undercover law enforcement officer posing as an underage child. Although this Circuit had previously held that the enhancement could apply in such cases, after the date of Jerchower's sentencing hearing the commentary to the U.S. Sentencing Guidelines was amended by Amendment 732 to state that the undue influence enhancement does not apply when the only "minor" involved is an undercover officer. Jerchower claims, and we agree, that Amendment 732 is a clarifying amendment that should be applied retroactively on this appeal of his sentence.

## I. BACKGROUND

Jerchower was indicted on two counts of using interstate commerce to attempt to entice a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). According to the Presentence Investigation Report (PSI), Jerchower had online chat sessions with a person he believed to be the mother of a 9-year-old

2

girl and an 11-year-old boy for the purpose of arranging to engage in sexual acts with the children. The mother of the children was actually an undercover law enforcement officer. Jerchower also spoke on the phone with undercover officers portraying the mother and the 9-year-old girl. He claimed that he was driving to Tallahassee, Florida, to engage in sexual acts with the children, but he never arrived.

Pursuant to a plea agreement, Jerchower pleaded guilty to the first count of the indictment. The PSI recommended a total offense level of 39 with an applicable Guidelines range of 262 to 327 months. The offense level included a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B), which provides for a two-level increase if the defendant unduly influenced a minor to engage in prohibited sexual conduct. The commentary to the Guideline explained that in cases in which the defendant is at least 10 years older than the minor, there is a rebuttable presumption of undue influence based on the substantial age difference. U.S.S.G. § 2G1.3(b)(2)(B), comment. (n. 3(B)). The PSI determined the enhancement was warranted because at the time of the offense, the defendant was 44 years old and one of the children was represented to be 9 years old by the undercover officers. At the sentencing hearing, Jerchower's attorney said that the

3

rebuttable presumption of influence should not be applied "in this case since these minors are figments, really."

The district court judge adopted the recommendations of the PSI. He included the undue influence enhancement in the offense level calculation and imposed a sentence of 327 months' imprisonment, at the top of the Guidelines' imprisonment range. Jerchower filed a notice of appeal several days later, on July 10, 2009. On November 1, 2009, while Jerchower's appeal was pending, Amendment 732 to the Sentencing Guidelines went into effect.

Amendment 732 amended the commentary to § 2G1.3 to provide that the undue influence enhancement "does not apply in a case in which the only 'minor' (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer." United States Sentencing Commission, *Guidelines Manual*, Supp. to. App. C (Nov. 2009). This interpretation of the Guideline is contrary to this Circuit's precedent, which has held that U.S.S.G. § 2G1.3(b)(2)(B) could apply in cases in which the only "minor" involved was fictitious. *United States v. Vance*, 494 F.3d 985, 996 (11th Cir. 2007); *United States v. Faris*, 583 F.3d 756, 760 (11th Cir. 2009).

Jerchower objects to the two-level increase imposed by the district court pursuant to § 2G1.3(b)(2)(B). Jerchower contends on appeal that Amendment 732

is a clarifying amendment that should be applied retroactively to disallow the inclusion of the undue influence enhancement in calculating his offense level. Jerchower explains that without the two-level undue influence enhancement, his Guidelines range would have been 210-262 months rather than the 262-327 months recommended by the PSI.

## II. STANDARD OF REVIEW

This Court reviews de novo a district court's application of the Sentencing Guidelines. *Faris*, 583 F.3d at 759. While a district court is not bound to apply the Guidelines, it "must consult [them] and take them into account when sentencing." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (citation omitted). "This consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines . . . ." *Id.*

In reviewing the district court's application of the Guidelines, this Court "appl[ies] the version of the guidelines in effect on the date of the sentencing hearing." *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002). "Subsequent amendments that clarify the guidelines, however, should be considered on appeal regardless of the date of sentencing." *Id; see also United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (explaining that clarifying

5

amendments to the Sentencing Guidelines are "to be given retroactive effect");

*United States v. Stinson*, 30 F.3d 121, 122 (11th Cir. 1994) (concluding that

Amendment 433 was clarifying and must therefore be applied retroactively on

appeal). This is because clarifying amendments do not represent a substantive

change in the Guidelines, but instead "provide persuasive evidence of how the

Sentencing Commission originally envisioned application of the relevant

guideline." *Descent*, 292 F.3d at 707-08. Substantive amendments to the

Guidelines, on the other hand, are not applied retroactively on direct appeal. *See*

*id*. at 709.

## III. DISCUSSION

Because Amendment 732 became effective after the date of Jerchower's

sentencing hearing, we must decide whether it clarifies § 2G1.3(b)(2)(B) or

substantively changes it. *See id*. at 708. For the reasons explained below, we hold

that Amendment 732 was a clarification of U.S.S.G. § 2G1.3(b)(2)(B) and should

therefore be applied retroactively on Jerchower's direct appeal.[1]

---

[1] Although this is an issue of first impression in this Circuit, we note that the two other circuit courts that have addressed this issue have concluded Amendment 732 should be applied retroactively. *United States v. Christensen*, 598 F.3d 1201, 1205-06 (9th Cir. 2010); *United States v. Ross*, 352 F. App'x 771, 773 (4th Cir. 2009). In *Christensen*, the Ninth Circuit concluded that Amendment 732 should be applied retroactively based on that court's precedent holding amendments made for the purpose of resolving a circuit split should be applied retroactively. *See Christensen*, 598 F.3d at 1205 (citing *United States v. Morgan*, 376 F.3d 1002, 1011 (9th Cir. 2004) and *United States v. Van Alstyne*, 584 F.3d 803, 818 (9th Cir. 2009)). The

In assessing whether an amendment to the Sentencing Guidelines is substantive or clarifying, this Court considers several factors. First, we look to whether the amendment alters the text of the Guideline or alters only the commentary. An amendment that alters the text of the Guideline itself suggests a substantive change, *United States v. Summers*, 176 F.3d 1328, 1331 (11th Cir. 1999) ("[A]lteration of actual Guideline language strongly suggests that a substantive change was being made."), while an amendment that alters only the commentary suggests a clarification, *see Armstrong*, 347 F.3d at 908 n.6 ("Amendments to the commentary are clarifying amendments."). An amendment to the commentary may be substantive, however, if it contradicts or alters preexisting commentary instead of merely supplementing commentary carried over from an earlier version of the Guidelines. *Summers*, 176 F.3d at 1331; *see also United States v. Dedeker*, 961 F.2d 164, 166 n.4 (11th Cir. 1992). Second, this Court looks to whether the Commission has described an amendment as clarifying or whether its statements in the amendment commentary reflect a substantive change in the punishment for an offense. *Descent*, 292 F.3d at 708-09. Third, we

Fourth Circuit, in an unpublished opinion, also concluded, based on its circuit precedent, that Amendment 732 should be applied retroactively on appeal. *Ross*, 352 F. App'x at 773 (citing *United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004)). In both of those cases, the Government conceded that Amendment 732 was retroactive. *See Christensen*, 598 F.3d at 1204; *Ross*, 352 Fed. App'x at 773. The Government argues here, however, that its concessions in those cases were based on circuit-specific precedent that does not bind this Court.

7

examine whether the Commission has included the amendment in the list of retroactive amendments in § 1B1.10(c). *Id.* at 709. Finally, we have noted that an amendment overturning circuit precedent suggests a substantive change, but that such an amendment could be considered clarifying if it "clarifies a meaning that was inherent in the original Guideline." *Summers*, 176 F.3d at 1331.

The version of § 2G1.3(b)(2)(B) used to compute Jerchower's sentence provided that a defendant's offense level be increased by two when the defendant "unduly influenced a minor to engage in prohibited sexual conduct." United States Sentencing Commission, *Guidelines Manual*, § 2G1.3(b)(2)(B) (Nov. 2008). The commentary established that a rebuttable presumption of undue influence applied when the defendant is at least 10 years older than the minor. *Id.* comment. (n. 3). At the time of Jerchower's sentencing, the circuit courts had split over whether the undue influence enhancement could apply in cases in which no actual minor was involved. While the commentary to § 2G1.3 defined "minor" to include an undercover law enforcement officer who represented to a participant that the officer was under age 18, *id.* comment. (n. 1), an application note specific to the undue influence enhancement explained that "the court should closely consider the facts of the case to determine whether a participant's influence over the minor *compromised the voluntariness of the minor's behavior*," *id.* comment.

(n. 3) (emphasis added). As the Sixth Circuit explained in interpreting the nearly identical undue influence enhancement and commentary under § 2A3.2(b)(2)(B),[2] "[e]ven a cursory review of the . . . language of the Guidelines and the commentary reveals that the directives found within the Sentencing Guidelines conflict." *United States v. Chriswell*, 401 F.3d 459, 464 (6th Cir. 2005). The definition suggested that all provisions of § 2G1.3 applied to cases involving undercover agents posing as children, but the language of Application Note 3 "implie[d] that [the enhancement] should not apply where the 'victim' is an undercover agent, because there is no true victim upon whom the effect of the defendant's conduct can be measured." *Id.*

This Court held that the undue influence enhancement could apply in the absence of a "real" victim, explaining that "the commentary . . . explicitly instructs that for all enhancements under this Guideline, an undercover officer playing the role of a minor victim qualifies as a victim, thereby making an actual victim unnecessary." *United States v. Root*, 296 F.3d 1222, 1233 (11th Cir. 2002)

---

[2] Section 2G1.3(b)(2)(B) and § 2A3.2(b)(2)(B) apply to different sex crimes against minors, and the offense level increase under § 2A3.2(b)(2)(B) is more severe, but the Guideline language and application notes for both enhancements are identical in all other relevant aspects. This Court has previously held that our interpretation of the undue influence enhancement under § 2A3.2(b)(2)(B) applied to § 2G1.3(b)(2)(B), *see United States v. Faris*, 583 F.3d 756, 760 (11th Cir. 2009), and Amendment 732 applied to both Guidelines. Our discussion below thus includes decisions interpreting both these provisions.

(holding that the § 2A3.2(b)(2)(B) enhancement applied when the defendant communicated with an undercover law enforcement officer portraying a 13-year-old girl). We also noted the Sentencing Commission had included undercover officers within the definition of a minor victim "for the very purpose of ensuring that offenders who are apprehended in undercover operations are appropriately punished." *Id.* at 1234. Requiring the presence of an actual victim whose will was overborne, this Court reasoned, would undermine this purpose. *Id; see also United States v. Vance*, 494 F.3d 985, 994-95 (11th Cir. 2007) (applying this same reasoning in holding that the undue influence enhancement of § 2G1.3(b)(2)(B) applied to cases involving fictitious minor victims).

The Sixth and Seventh Circuits, however, reached the opposite conclusion, holding that the undue influence enhancement did not apply when the only "minor" involved was an undercover officer. *Chriswell*, 401 F.3d at 469 (holding that § 2A3.2(b)(2)(B) was inapplicable to cases involving undercover law enforcement officers posing as underage children); *United States v. Mitchell*, 353 F.3d 552, 559 (7th Cir. 2003) (same). These courts reasoned that the commentary's mandate that the court look closely at the facts of the case "to determine whether a participant's influence over the victim compromised the voluntariness of the victim's behavior" made no sense in the context of an

10

undercover officer posing as a minor, since the voluntariness of the officer's behavior was not compromised. *Chriswell*, 401 F.3d at 469; *Mitchell*, 353 F.3d at 560-61.

In enacting Amendment 732, the Sentencing Commission explained that it aimed to address the conflict between this Court and the Sixth and Seventh Circuits as to whether the enhancement could apply when the only "minor" involved is an undercover officer. United States Sentencing Commission, *Guidelines Manual*, Supp. to. App. C (Nov. 2009). The Commission resolved this conflict by amending the commentary to § 2G1.3 and § 2A3.2–an identical provision applying to the crime of sexual abuse of a minor under age 16–to provide that the undue influence enhancements under those Guidelines "do[] not apply in a case in which the only 'minor' involved in the offense is an undercover law enforcement officer." *Id.* According to the Commission, "the undue influence enhancement should not apply in a case involving only an undercover law enforcement officer because, unlike other enhancements in the sex offense guidelines, the undue influence enhancement is properly focused on the effect of the defendant's actions on the minor's behavior." *Id.*

Examining Amendment 732 in light of our case law, we conclude that it is a clarifying amendment. The amendment alters only the commentary, rather than

11

the text of the Guideline itself, suggesting that it clarifies §2G1.3 rather than substantively alters it. Moreover, the amendment is by way of a supplement rather than an alteration to the existing commentary, further suggesting that the Commission's intent was to clarify. In addition, although the amendment was not listed as retroactive in § 1B1.10(c) and it is not specifically identified as "clarifying" in the amendment commentary, the Commission's explanation of the reason for the amendment makes clear its clarifying nature. The amendment aimed to address a circuit split that arose from differing resolutions of conflicting language in the Guidelines commentary. The Commission resolved the conflict by explaining that "unlike other enhancements in the sex offense guidelines, the undue influence enhancement is properly focused on the effect of the defendant's actions on the minor's behavior." United States Sentencing Commission, *Guidelines Manual*, Supp. to. App. C (Nov. 2009). Finally, although the amendment overturns our circuit's precedent, it may be considered clarifying because it clarified a meaning inherent in the original Guideline: that the application of the enhancement depended on the effect of the defendant's behavior on the victim, as suggested by Application Note 3.

## IV. CONCLUSION

Because Amendment 732 is a clarifying amendment, it applies retroactively on Jerchower's direct appeal of his sentence. Applying the amended Guideline, we hold that it was error to add two levels to Jerchower's offense level based on application of the undue influence enhancement. We therefore vacate Jerchower's sentence and remand this case to the district court for resentencing.

VACATED and REMANDED.