[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13498
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00477-VMC-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN WEISS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 26, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Brian Weiss appeals his conviction for attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  The indictment stated that Weiss "did knowingly attempt to persuade, induce, entice and coerce an individual who had not attained the age of eighteen years to engage in a sexual act."  On appeal, Weiss argues that: (1) the evidence was insufficient to support his conviction; and (2) the indictment was constructively amended in violation of his Fifth Amendment rights.  Each of these arguments is addressed in turn below.

## I.

On appeal, Weiss argues that there was insufficient evidence to support his conviction because the indictment charged him with attempting to entice an actual minor, not just an individual representing themselves as a minor, and the government presented no evidence that an actual minor was involved.

We review the sufficiency of the evidence *de novo*.  *United States v. Maxwell,* 579 F.3d 1282, 1299 (11th Cir. 2009).  In determining whether sufficient evidence exists, we view the evidence in the light most favorable to the government, and ask whether a reasonable fact finder could have concluded beyond a reasonable doubt that the defendant was guilty.  *Id.*

To obtain a conviction for attempt under 18 U.S.C. § 2422(b), the government must prove: (1) that the defendant "acted with the kind of culpability

required for the crime he was charged with attempting, and (2) that he engaged in conduct constituting a substantial step toward its commission." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).  An actual minor victim need not exist to support a conviction under § 2422(b).  *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 333 (2011).  If a defendant arranges through an adult intermediary to have sex with a supposed minor, that conduct is sufficient to support a conviction.  *Id.*  In *Lanzon*, the defendant chatted online with an undercover agent about having sex with a 14 year-old girl who was ostensibly the agent's girlfriend's daughter.  *Id.* at 1296. Although no such girl existed, we affirmed the defendant's conviction under § 2422(b).  *Id.* at 1298–99.

The only argument Weiss raises concerning the sufficiency of the evidence is that the indictment charged him with attempted enticement of an actual minor, but the government presented no evidence that an actual minor was involved. However, the indictment mirrored the language of 18 U.S.C. § 2422(b), which prohibits the enticement of "any individual who has not attained the age of 18 years."  18 U.S.C. § 2422(b).  The language of § 2422(b) does not require the existence of an actual minor, but merely requires the defendant to believe that a minor was involved.  *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002) (holding that an "actual minor victim is not required for an attempt conviction

3

under 18 U.S.C. § 2422(b)," and that defendant's "belief that a minor was involved is sufficient to sustain an attempt conviction"), *superseded by Guideline amendment on other grounds, as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186-87 (11th Cir. 2011).   Therefore, the indictment's language similarly required that the defendant believed that a minor was involved, not that an actual minor was involved.  As such, the government did not need to offer proof of the involvement of an actual minor to support Weiss's conviction.

II.

Next, Weiss argues that the indictment was constructively amended because, while the indictment charged Weiss with attempted enticement of an actual minor, the government and district court repeatedly informed the jury that the defendant could be convicted without the existence of an actual minor.

We review claims of constitutional error *de novo*.  *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008).  Constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction."  *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990).  In determining whether an indictment was constructively amended, we look at whether the prosecutor's actions or the court's instructions, "viewed in context," literally or effectively expanded the indictment.  *United States v. Behety*, 32 F.3d 503, 508-09 (11th Cir. 1994).  Constructive amendment

4

constitutes *per se* reversible error because it violates a defendant's Fifth Amendment right to be tried only on charges presented to the grand jury and creates the possibility that the defendant may have been convicted on grounds that the indictment did not allege. *Id.* at 508; U.S. Const. amend. V.

Here, we conclude from the record that no constructive amendment occurred when the government and court indicated that the existence of an actual minor was not needed because, as discussed above, the indictment did not require that Weiss attempted to entice an actual minor. It did not include the words "actual," but stated that Weiss had attempted to entice an "individual who had not attained the age of" 18. It simply required that Weiss believed a minor was involved. *See Root*, 296 F.3d at 1227 (holding that 18 U.S.C. § 2242(b) does not require existence of actual minor, but merely requires the defendant to believe a minor was involved). Thus, informing the jury that an actual minor was not needed in no way broadened the possible bases for conviction. *Keller,* 916 F.2d at 634. Accordingly, we affirm Weiss's conviction.

**AFFIRMED.**

5