[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10293
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00027-SPM-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERTRAM JERONOMY HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 28, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Bertram Harrison appeals his 156-month sentence, imposed after he pled guilty to sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 2.  In calculating Harrison's sentence, the district court applied a two-level

enhancement, under U.S.S.G. § 2G1.3(b)(2)(B), after finding that Harrison did not rebut the presumption, based on age differential, that he unduly influenced a fourteen-year-old minor to engage in prohibited sexual conduct.   On appeal, Harrison argues that the district court clearly erred in applying the enhancement since the victim willingly engaged in prostitution.  After careful review, we affirm.

We review a district court's application of the Sentencing Guidelines de novo, and its factual findings for clear error.  United States v. Lebowitz, 676 F.3d 1000, 1015 (11th Cir. 2012).

The Guidelines provide a two-level sentence enhancement if "a participant . . . unduly influenced a minor to engage in prohibited sexual conduct."  U.S.S.G. § 2G1.3(b)(2)(B).  "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."  U.S.S.G. § 2G1.3, comment. (n. 3(B)).  Application Note 3(B) further provides that, where a participant is at least ten years older than the minor, there is a rebuttable presumption of undue influence.  Id.  "In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor."  Id.

Our interpretation of the undue influence enhancement under § 2A3.2(b)(2)(B) -- the guideline for criminal sexual abuse of a minor under 16 years

2

of age -- applies to § 2G1.3(b)(2)(B).  United States v. Jerchower, 631 F.3d 1181, 1186 n.2 (11th Cir. 2011).    Under both guidelines, there is a rebuttable presumption that a participant unduly influenced the minor when the participant is at least ten years older than the victim.  See U.S.S.G. § 2A3.2, comment. (n. 3(B)); U.S.S.G. § 2G1.3, comment. (n. 3(B)).

In determining whether the defendant's conduct rebutted the presumption, we "may look to a variety of factors, including whether [the conduct] displays an abuse of superior knowledge, influence and resources."  United States v. Root, 296 F.3d 1222, 1234 (11th Cir. 2002), superseded by Amend. 732, U.S.S.G. Supp. to App'x C (2009), as recognized in Jerchower, 631 F.3d at 1186-87.  In Root, the defendant attempted to rebut the presumption of undue influence under § 2A3.2(b)(2)(B), by arguing that "even if an actual victim is not necessary, his conduct would have repulsed an actual 13-year-old girl and not persuaded her to engage in sexual activity."  Id. at 1235.  However, we affirmed the district court's finding that the defendant failed to rebut the presumption of undue influence, because the defendant sought to influence the "minor," an undercover officer, by describing in detail sexual activities that would "feel good," using his office computer to send instant messages and pictures of himself to her, driving his car across three states to meet her, and telling her that she would not need to worry about bringing money to their meeting.  Id. at 1235-36.  Similarly, in United States

3

v. Vance, 494 F.3d 985, 996 (11th Cir. 2007), superseded by Amend. 732, U.S.S.G. Supp. to App'x C (2009), as recognized in Jerchower, 631 F.3d at 1186-87, we affirmed the district court's application of § 2G1.3(b)(2)(B).  There, the defendant used his knowledge of computers and the internet, as well as his financial resources, to contact an undercover agent whom he believed could influence fictitious minors to engage in sexual relations with him in Costa Rica.[1]

Here, the district court did not clearly err in applying the two-level enhancement.  For starters, because Harrison was 20 years older than the victim, the court correctly applied the rebuttable presumption of undue influence. U.S.S.G. § 2G1.3, comment. (n. 3(B)).  Moreover, the record supports the court's finding that Harrison had not rebutted the presumption as laid out in Root.

First, Harrison's superior knowledge was evidenced by his: (1) knowledge of computers and the internet to create advertisements depicting the victim; (2) instructing the victim on how to answer the phone, how much to charge, and generally training the victim on the details of her work; and (3) advising the victim where in the motels to take her customers.  See Vance, 494 F.3d at 996 (observing

---

[1]    Amendment 732 amended the commentary to § 2G1.3 to expressly provide that the undue influence enhancement does not apply in a case when an undercover officer is acting as the minor victim.  Jerchower, 631 F.3d at 1184; see also U.S.S.G. § 2G1.3, comment. (n. 3(B)). Because Root and Vance involved situations in which the only minor victims were fictitious, those cases were superseded to the extent that they held that the undue influence enhancement of either § 2A3.2(b)(2)(B) or § 2G1.3(b)(2)(B) applied to cases in which there was no real victim. Although Amendment 732 clarified that the undue influence enhancement does not apply unless there is a real victim, it did not otherwise alter the analysis we've used to determine whether undue influence was exerted.  Accordingly, we may still rely on Root and Vance in this case.

that the defendant had used his knowledge of computers and the internet to unduly influence the "victim"); see also Root, 296 F.3d at 1235 (considering defendant's superior knowledge as a factor causing undue influence).   Second, Harrison's superior resources were evidenced by his: (1) laptop computer, used to advertise the victim for sexual purposes; (2) payment for the internet advertisements and motel rooms; (3) purchasing resources for the victim, including sex devices, lubricant, and condoms; and (4) transporting the victim in his vehicle from her home to motels or private residences.  See Vance, 494 F.3d at 996 (observing that a defendant had used financial resources to unduly influence the "victim"); see also Root, 296 F.3d at 1236 (observing that a defendant had used his computer to send instant messages, used his vehicle to drive across three states to meet the "victim," and told her that she did not need to bring money to their meeting).   Third, Harrison's superior influence was shown by the fact that he convinced the victim to engage in prostitution and give Harrison half the proceeds, when police had no information or evidence that the victim had previously been a child prostitute.

Finally, because Root and Vance remain good law concerning what behavior is relevant to rebutting the presumption of undue influence, we need not rely on United States v. Myers, 481 F.3d 1107 (8th Cir. 2007), an Eighth Circuit opinion. In any event, the facts in Myers, where the victim testified in a deposition that she willingly ran away from home with the defendant, are not present in this case.

5

**AFFIRMED.**