[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10819
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60155-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANGELO JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2013)

Before FAY, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Deangelo Jones appeals his total sentence of 360 months of imprisonment,

imposed following his conviction for conspiracy to engage in sex trafficking of

children, in violation of 18 U.S.C. § 1594, and sex trafficking of minors between the ages of fourteen and eighteen, in violation of 18 U.S.C. § 1591. We affirm.

## I.

Jones was indicted on conspiracy to engage in sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2) and 1594(c); and three counts of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) and 2. According to the presentence investigation report ("PSI"), Jones, a nineteen-year-old male, convinced three minor females, ages twelve, fourteen, and fifteen, to work for him as prostitutes. He told the fifteen-year-old girl he loved her, and he bought all of them hair products, jewelry, makeup, and condoms. He also provided them with marijuana. Under his direction, the girls advertised their services through a website and arranged prostitution dates using his cellular phone. Jones controlled how much the girls could charge for their services, and he took all of the money they earned. During their prostitution dates, Jones stood outside of the hotel rooms to provide security.

Law-enforcement officers eventually discovered the girls through an undercover prostitution operation and took them into protective custody. The girls informed law enforcement Jones was physically abusive to them. On one occasion, he threw the fifteen-year-old girl into a mirror, because she went on a prostitution date and did not charge the client. On a separate occasion, he punched

2

the fourteen-year-old girl repeatedly in the chest and stripped her when she refused to go on a prostitution date.

At trial, the jury found Jones guilty of conspiracy to engage in sex trafficking of children and the first two counts of sex trafficking of a minor, involving victims, aged fourteen and fifteen.  The jury found him not guilty of the final count of sex trafficking of a minor.  At sentencing, the district judge determined that Jones had unduly influenced the victims to engage in prostitution and applied a two-level sentencing enhancement under U.S.S.G. § 2G1.3(b)(2)(B) in calculating Jones's Guidelines imprisonment range.  This appeal followed.

## II.

On appeal, Jones argues the district judge erred in applying a two-level sentencing enhancement under § 2G1.3(b)(2)(B) for unduly influencing a minor to engage in prohibited sexual conduct.  He asserts he could not have unduly influenced the minors, because they were already working as prostitutes when he met them.[1]

We review a district judge's application of the Sentencing Guidelines de novo and factual findings for clear error.  *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013).  The Guidelines provide for a two-level sentencing enhancement

---

[1] Jones also argues there is no rebuttable presumption that he unduly influenced a minor in this case, because he was not ten years older than any of the girls, as required for the presumption to apply under the commentary to U.S.S.G. § 2G1.3.  The district judge did not apply the rebuttable presumption of undue influence in this case; accordingly, this argument is moot.

3

if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct . . . ." U.S.S.G. § 2G1.3(b)(2)(B). "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." *Id.* § 2G1.3, cmt. n.3(B).

To decide whether the defendant's conduct constituted undue influence, the district judge "may look to a variety of factors, including whether [the defendant] displays an abuse of superior knowledge, influence and resources." *United States v. Root*, 296 F.3d 1222, 1234 (11th Cir. 2002), *superseded on other grounds by* Amend. 732, U.S.S.G. App. C (2009), *as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186-87 (11th Cir. 2011) (recognizing the Guidelines amendment providing that the undue influence enhancement does not apply in a case in which the only "minor" involved in the offense is an undercover officer).

The district judge did not err in applying the undue influence enhancement. The record supports the judge's finding that Jones's activities compromised the voluntariness of the minors' behaviors, in spite of their previous acts of prostitution. *See* U.S.S.G. § 2G1.3(b)(2)(B), cmt. n.3(B). Jones exercised undue influence over the girls by purchasing hair products, jewelry, and makeup for them, and he convinced the fifteen-year-old girl he loved her. He also took their money, controlled how much they could charge for their services, and controlled the

4

cellular phone they used to schedule prostitution dates.  Furthermore, he beat them, when they refused to charge clients for services and when they refused to go on prostitution dates.  Although each girl was involved in prostitution before meeting Jones, the mere fact that a minor has been involved in prostitution does not eliminate the possibility that the undue influence enhancement may be applied. Jones used affection, control, and physical violence to influence the minors to work for him, and the district judge did not err in finding that his actions compromised the voluntariness of the minors' actions.

**AFFIRMED.**