[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16167
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60110-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK HENRY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Patrick Henry Joseph appeals his 210-month imprisonment sentence, imposed after he pled guilty to two counts of possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and one count of possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). We affirm.

Joseph sold crack cocaine to a confidential informant and an undercover officer during several controlled narcotics operations from January to April 2012. He initially pled not guilty to charges from the sales, and a trial date was set. Joseph moved twice for continuances, and the district court granted the motions, subsequently setting trial for September 19, 2012. While in pretrial detention, Joseph engaged in numerous recorded telephone calls. In the calls, he instructed several women to sell the remainder of his drug supply and to collect his outstanding drug debts. Joseph told the women to place the proceeds in his telephone and commissary accounts.

One week before trial, the government disclosed it intended to use the recorded conversations to rebut Joseph's affirmative defense of entrapment. On September 18, 2012, the day before trial, Joseph plead guilty to all charges. At sentencing, the government refused to recommend a U.S.S.G. § 3E1.1(b) one-point reduction for acceptance of responsibility. Joseph objected to the exclusion of the one-point reduction; the district court overruled his objection.

2

On appeal, Joseph argues the district court erred at sentencing when it declined to apply a one-level reduction to his total offense level for acceptance of responsibility under § 3E1.1(b), based on its conclusion that it lacked authority to review the government's decision not to file a § 3E1.1(b) motion. He relies on an amendment to § 3E1.1 that took effect on November 1, 2013. The denial of an acceptance-of-responsibility reduction generally is reviewed for clear error. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009). We review the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines de novo. *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (reviewing de novo the district court's conclusions about the scope of its authority in 18 U.S.C. § 3582(c)(2) proceedings).

A defendant is entitled to a one-level reduction in his offense level under § 3E1.1(b), if the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, [the reduction] may only be

granted upon a formal motion by the Government at the time of sentencing." *Id.* at cmt., n.6.

The United States Sentencing Commission has amended the commentary to § 3E1.1(b) by adding language providing the government "should not withhold [a § 3E1.1(b) motion] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." *Id.* The amended language took effect on November 1, 2013, during the pendency of this appeal.

In reviewing a district court's application of the Guidelines, we apply the version of the Guidelines in effect on the date of the defendant's sentencing hearing. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). When subsequent amendments clarify the Guidelines, however, we consider those clarifying amendments on direct appeal and give them retroactive effect. *Id.* We apply such amendments retroactively, because they "provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline." *Id.* (citation and internal quotation marks omitted). "Substantive amendments to the Guidelines, on the other hand, are not applied retroactively on direct appeal." *Id.*

When assessing whether an amendment to the Sentencing Guidelines is substantive or clarifying, we consider whether the amendment alters the text of the Guideline or alters only the commentary. *Id.* at 1185. An amendment that alters

4

only the commentary suggests a clarification. *Id.* Nevertheless, an amendment to the commentary may be substantive "if it contradicts or alters preexisting commentary instead of merely supplementing commentary carried over from an earlier version of the Guidelines." *Id.* We also consider whether the Commission has described an amendment as clarifying, whether the Commission included the amendment in the list of retroactive amendments in § 1B1.10(c), and whether an amendment overturns circuit precedent. *Id.*

Because the amendment took effect after Joseph's sentencing hearing, and because he relies on the amendment in this appeal, we must decide whether the amendment clarifies § 3E1.1(b) or substantively changes it. *See Jerchower*, 631 F.3d at 1184-85. Regardless of whether the amendment is substantive or clarifying, Joseph's argument fails. If the amendment is clarifying and applies retroactively in this case, then we conclude that the government based its refusal to withhold a § 3E1.1(b) motion on interests that are identified in § 3E1.1(b), namely, the untimeliness of Joseph's plea. *See* U.S.S.G. § 3E1.1(b) & cmt. n.6. Considering the extent of the government's trial preparation, the burden on the court's ability to allocate its resources efficiently, and defense counsel's opportunity to investigate the case, the district court did not clearly err in determining that Joseph's notification of his intent to plead guilty "came too late." R6 at 7. Specifically, Joseph waited until the day before trial to plead guilty, after

5

the government had prepared fully for trial, including subpoenaing witnesses and filing proposed jury instructions, *voir dire* questions, and a motion *in limine*.  In addition, at Joseph's request, the district court delayed the trial date on two separate occasions, giving him additional time to investigate his case.  Although Joseph argues the delay in entering his plea was because of the government's untimely disclosure of incriminating recorded telephone calls he had made from jail, he concedes he knew the telephone calls had been recorded.  Even though the government filed a superseding indictment the day before trial, the superseding indictment changed only the type of cocaine involved in the third count, and Joseph does not explain how that change impacted his decision to plead guilty.

Because the district court did not err by refusing to grant Joseph an additional one-level reduction for acceptance of responsibility, we affirm his 210-month imprisonment sentence.

**AFFIRMED.**