[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-12267; 15-12268
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cr-00285-WSD-AJB-2,
1:12-cr-00286-WSD-AJB-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

FABIAN TERRAN MURRAY,

                                                            Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 28, 2016)


Before ROSENBAUM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Fabian Terran Murray appeals his total 215-month sentence, imposed below the advisory guideline range, after pleading guilty in Case No. 1:12-cr-00285 ("Case No. 285") to one count of knowingly causing minors to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2) (Count 3), and, in Case No. 1:12-cr-00286 ("Case No. 286") to one count of conspiracy to cause a minor to engage in commercial sex acts, in violation of 18 U.S.C. § 1594(c) (Count 1). The cases were consolidated on appeal. On appeal, Murray argues that the district court improperly applied enhancements for unduly influencing a minor to engage in prohibited sexual conduct and for playing an aggravating role in the offenses. He further contends that the district court erred by declining to depart downwardly from the guideline range, based on an alleged overrepresentation of the seriousness of Murray's criminal history.[*]

---

[*] We note that the government previously filed a motion to dismiss Murray's appeal on the grounds that Murray's plea agreement contained an appeal waiver, which we denied without prejudice. The government has again argued for dismissal on appeal; however, we conclude that Murray has a right to appeal, as an exception to the appeal waiver applies.

I.

Murray first argues that the court improperly imposed an enhancement for unduly influencing a minor under U.S.S.G. § 2G1.3(b)(2)(B).  Murray asserts that the court erred by conducting an analysis of whether he exerted undue influence by looking at the joint acts, committed by both him and his codefendants.   He contends that, based on the plain language of the Guidelines, the acts of the other perpetrators should be excluded.

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error.  *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013).  A two-level sentencing enhancement applies if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct . . . ." U.S.S.G. § 2G1.3(b)(2)(B).  "Participant" has the meaning given to the term in Application Note 1 of the Commentary to § 3B1.1.  U.S.S.G. § 2G1.3, comment. (n.1).  Section 3B1.1, in turn, defines a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1).

"In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."  U.S.S.G.

3

§ 2G1.3, comment. (n.3(B)).  The district court "may look to a variety of factors, including whether [the defendant's conduct] displays an abuse of superior knowledge, influence and resources."  *United States v. Root*, 296 F.3d 1222, 1234 (11th Cir. 2002), *superseded on other grounds by* Amend. 732, U.S.S.G. App. C (2009), *as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186-87 (11th Cir. 2011).  Application Note 3(B) to § 2G1.3 further provides that, where a participant is at least ten years older than the minor, a rebuttable presumption of undue influence is triggered.  § 2G1.3, comment. (n.3(B)).

The district court did not err in applying the undue influence enhancement pursuant to § 2G1.3(b)(2)(B) in Case No. 285, involving minors O.M. and A.C.  Contrary to Murray's argument, the enhancement applies based on the conduct of any "participant" of the offense, not solely on the conduct of the defendant.  *See* U.S.S.G. § 2G1.3(b)(2)(B).  Joshua Hill and Murray were both participants in the same criminal activity.  Because Hill was "criminally responsible for the commission of the offense," Murray may receive an enhancement if Hill unduly influenced O.M. and A.C. to engage in prostitution.  *See* U.S.S.G. § 3B1.1, comment. (n.1).  Thus, because Hill is a "participant," his acts support the enhancement to Murray.

Furthermore, even when viewing Murray's conduct alone, he did not overcome the rebuttable presumption based on the ten-year age gap between him

4

and the victim, that he exerted undue influence over O.M. and A.C. *See* U.S.S.G. § 2G1.3, comment. (n.3(B)). Both girls were 14 at the time Murray -- who was then 24 -- prostituted them. Undisputed portions of the PSI support that Murray purchased condoms for the minors, went inside with Hill to register for the hotel room used to prostitute the minors, had sexual intercourse with the minors, and took a portion of the minors' earnings. Thus, based on either the conduct of Murray or Hill, the district court properly applied the two-level enhancement.

Although no presumption of undue influence exists in Case No. 286, the district court did not err in finding that the undue-influence enhancement was warranted on the evidence. Ample evidence in the record supports that Murray's influence over J.B. compromised the voluntariness of her behavior. *See* U.S.S.G. § 2G1.3, comment. (n.3(B)). Murray had sexual intercourse with J.B. while she was restrained, and he told her that she could not speak unless she was spoken to and that he would speak on her behalf. Furthermore, he abused his superior knowledge and resources by purchasing provocative clothes for her to wear, posting an advertisement for her sexual services online, and providing a driver to take her to meet clients. *See Root,* 296 F.3d at 1234. Thus, the court properly applied the two-level enhancement in Case No. 286.

II.

Next, Murray contends that the district court's imposition of a role enhancement under § 3B1.1(c) was improper.  First, Murray alleges that no evidence shows that he exerted control, influence, or decision-making authority over another participant in the criminal scheme.   He argues that, in Case No. 285, although he arranged the victim's transportation to meet clients, that act did not rise to the level of managing other participants in the criminal activity.  He also argues that having control over a victim is insufficient, because victims are not "participants."  About his co-conspirators, he contends that he worked with them but did not recruit or supervise them and did not set prices.

Murray also says that the sentencing court just relied on the government's conclusory statements to determine that the government satisfied its burden of proof.  He argues that the government did not offer evidence to support its contention that he was a supervisor.

We review for clear error the district court's determination that a defendant is subject to an aggravating-role enhancement under § 3B1.1(c).  *United States v. Jiminez*, 224 F.3d 1243, 1250-51 (11th Cir. 2000).  Clear error review is deferential, and "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  *United*

6

*States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotations omitted).   If a

defendant challenges the factual basis of his sentence, then the government must

prove the disputed facts by a preponderance of the evidence with "reliable and

specific evidence." *United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999)

(quotation omitted).

Section 3B1.1(c) provides a two-level increase "[i]f the defendant was an

organizer, leader, manager, or supervisor in any criminal activity" that involved

fewer than five participants or was not "otherwise extensive" within the meaning

of § 3B1.1(a) and (b).  U.S.S.G. § 3B1.1(c).  A defendant's assertion of control

over only one other participant is sufficient to sustain a § 3B1.1(c) role

enhancement.  U.S.S.G. § 3B1.1, comment. (n.2).  A "participant" is a person who

is criminally responsible for the offense, even if not convicted.  U.S.S.G. § 3B1.1,

comment. (n.1).

The commentary to § 3B1.1 sets out several factors for courts to consider in

determining if the defendant is an organizer or leader, as opposed to a mere

manager or supervisor, including the following elements: (1) the defendant's

exercise of decision making authority; (2) the nature of defendant's participation in

the offense; (3) whether the defendant recruited accomplices; (4) the defendant's

claimed right to a larger share of the fruits of the crime; (5) the degree of the

defendant's participation in planning or organizing the crime; (6) the nature and

scope of the illegal activity; and (7) the degree of control and authority the defendant exercised over others. § 3B1.1, comment. (n.4). All of these considerations need not be present. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009). "Instead, these factors are merely considerations for the sentencing judge." *Id.* (quotations omitted). Section 3B1.1 does, however, "require[] the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *Id.*

As an initial matter, contrary to what Murray's brief implies, the court only applied the aggravating-role enhancement in Case No. 286. Thus, Murray's arguments concerning Case No. 285 are immaterial. In Case No. 286, the district court did not clearly err in applying a two-level aggravating-role adjustment pursuant to § 3B1.1(c). The court did not base its determination upon the conclusory statements made by the government, but rather, undisputed portions of the PSI, which support that Murray's behavior touched on several of the factors set out in the commentary to § 3B1.1. According to undisputed portions of the PSI, Murray had a greater degree of involvement in the criminal activity than the other participants, and he also played a greater role in planning and organizing the crime. Murray alone took J.B. to the hospital, took her back to an apartment following her discharge, and bought her clothes that would make her more appealing as a prostitute. In addition, it was Murray who told her that she would be working as a

8

prostitute and that he would be speaking on her behalf, indicating that he made the rules and decisions. Murray had sexual intercourse with J.B., while Richard King merely restrained her: indicating that Murray was in control.

Furthermore, Murray exercised control over the other participants in the conspiracy. J.B. and Jonathan Branch both stated that Branch acted as Murray and King's driver and transported J.B. to her clients. In his interview with authorities, Branch indicated that Murray exerted authority over King as well, stating that "King was helping Murray pimp out J.B." and that King told him that J.B was "Murray's girl." Murray claimed a larger share of the fruits of the crime than Branch did, as King and Murray split J.B.'s earnings without giving Branch a portion. Even if Murray was only in charge of Branch, his control over just one person is sufficient to sustain the enhancement. *See* § 3B1.1, comment. (n.2). Accordingly, the district court's application of a two-level enhancement under § 3B1.1(c) was not clear error.

## III.

Murray asserts that the court erroneously found that he was not entitled to a downward departure, pursuant to § 4A1.3(b); Murray argued for an overstated criminal history. He argues that his history was substantially overstated because

9

his only arrests were for misdemeanors and none of his crimes were violent. Murray also alleges that his two prior obstruction convictions resulted from taking an unfavorable plea deal. He asserts that he should have been placed in criminal history category III.

"If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). A defendant generally may not appeal a district court's refusal to depart downward, unless the court believed it lacked the authority to depart. *See United States v. Baker*, 19 F.3d 605, 614-15 (11th Cir. 1994). We review *de novo* whether the district court believed it lacked the authority to depart. *United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2001). We do assume that the court understood it had authority to depart downward where nothing indicated that the court misapprehended its authority. *Id.*

The district court was authorized to depart downwardly from the criminal history category of IV if it found the category substantially over-represented the seriousness of Murray's criminal history. *See* U.S.S.G. § 4A1.3(b)(1). The court here found such a departure unwarranted. In denying the request, the court gave no indication that it misapprehended its authority to depart downward. Instead, the court indicated that it concluded Murray's criminal history did not merit such

10

treatment under § 4A1.3(b)(1).  The court cited the standard for downward departure and stated that Murray fell short of this standard: demonstrating that the sentencing court was aware that it could downwardly depart if certain conditions were met.

**AFFIRMED.**