[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13669

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:11-cr-00012-WLS-TQL-1

_____

Before WILSON, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Carlos Johnson, proceeding *pro se*, appeals the District Court's denial of his motion for compassionate release. He argues that his unusually long sentence and his role as the sole caregiver for his ailing mother constitute extraordinary and compelling reasons for relief. In support, he invokes the November 2023 amendments to § 1B1.13 of the Sentencing Guidelines. But Johnson abandoned many arguments he raised below, and the 2023 amendments do not apply retroactively. We affirm.

I.

In 2013, Johnson pleaded guilty to possession with intent to distribute cocaine and crack cocaine. The District Court sentenced him to life imprisonment, but later reduced his sentence twice—first to 360 months under Amendment 782 to the Sentencing Guidelines and then to 264 months under Federal Rule of Criminal Procedure 35.

Johnson has moved for post-conviction relief several times over the years, including motions under the First Step Act and prior motions for compassionate release. In his latest compassionate release motion,[1] Johnson argued that the length of his sentence,

---

[1] Johnson filed the motion for compassionate release on October 31, 2022. He then filed two motions requesting status updates before the District Court denied his motion for compassionate relief and the pending status updates. Six days after the denial, Johnson submitted a new motion for compassionate

23-13669                Opinion of the Court                3

sentencing disparities, and his inability to participate in the Bureau of Prisons' Residential Drug Treatment Program amounted to extraordinary and compelling reasons for release. The District Court denied the motion. Johnson timely appeals.[2]

## II.

To evaluate Johnson's claims, we apply a two-step framework. First, we review de novo whether he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). If eligibility is established, we then review the District Court's denial of his motion for abuse of discretion. *Id.*

Eligibility for compassionate release depends on three factors: (1) whether an extraordinary and compelling reason exists; (2) whether the requested sentence reduction aligns with § 1B1.13 of the Sentencing Guidelines; and (3) whether the § 3553(a) factors favor relief. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). If any factor is unmet, the District Court may deny relief without analyzing the others. *Giron*, 15 F.4th at 1348.

---

release and another motion for a status update regarding his earlier motion. The District Court dismissed both new motions as moot, finding the compassionate release motion duplicative of the one it had just denied. This appeal is about the denial of Johnson's October 31, 2021, motion.

[2] Johnson timely filed his initial brief, and the Government filed a timely response. But Johnson later submitted a reply brief that was both untimely and non-compliant. *See* Fed. R. App. P. 31(a). Accordingly, we cannot consider his reply brief.

Before addressing the merits of Johnson's claims, we must clarify the scope of the issues he preserved on appeal. Arguments not raised in an appellant's initial brief are typically abandoned. *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022). And here, Johnson has abandoned several arguments he raised in the District Court by failing to raise them in his initial brief. These include (1) his eligibility for First Step Act relief, (2) his claim that his ineligibility for the Residential Drug Treatment Program constitutes an extraordinary and compelling reason for compassionate release, and (3) his assertion of unwarranted sentencing disparities among similarly situated defendants. Because Johnson did not address these claims in his initial brief, we do not consider them further.

Turning to the merits of Johnson's remaining arguments, he contends he has new family circumstances and that his sentence qualifies as unusually long under the 2023 amendments to § 1B1.13 of the Guidelines. These arguments, however, are misplaced. When reviewing a District Court's application of the Sentencing Guidelines, we apply the version in effect at the time of the District Court's decision. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The decision at issue here—handed down in October 2023—predates the November 2023 amendment that Johnson relies on.

True, we can consider a clarifying amendment to the Guidelines. *Id.* at 1185. But we do not retroactively apply a substantive change. *Id.* And the 2023 amendment altered the text of the

Guideline, indicating a substantive change. *See id.* So while Johnson is correct that the 2023 amendment introduced unusually long sentences as an "extraordinary and compelling reason" that the District Court could consider, his reliance on that amendment is misplaced.

The upshot is that the amendment Johnson relies on does not apply in this appeal. But as the government points out, nothing precludes Johnson from filing a new motion for compassionate relief in the District Court based on the 2023 amendment.

III.

Johnson abandoned significant arguments raised in the District Court, and the 2023 Sentencing Guideline amendment he relies on does not apply retroactively. The District Court correctly applied the law and did not abuse its discretion. We affirm.

**AFFIRMED.**