**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11272

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GREGORY GALLAGHER,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cr-00032-CAR-CHW-1

————————————

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Gallagher was sentenced to 78 months of imprisonment for possession of child pornography. He now appeals his sentence, arguing that the district court erred in refusing to apply the

"Zero-Point Offender" adjustment available under § 4C1.1 of the United States Sentencing Guidelines. After careful review, we find no error in the court's calculation of Gallagher's sentence and affirm.

## I. BACKGROUND

In 2022, Gallagher was charged with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), after thousands of elicit images and videos were found on his devices. Nearly two years later, he pleaded guilty to the single-count indictment without a written plea agreement.

Using the 2023 United States Sentencing Guidelines Manual, a probation officer prepared Gallagher's presentence investigation report ("PSI"). The PSI provided a total offense level of 28 and placed Gallagher in criminal history category I because he did not have any previous convictions. The resulting advisory guideline range was 78 to 97 months of imprisonment.

As relevant here, Gallagher challenged the PSI's failure to reduce his offense level by two pursuant to U.S.S.G. § 4C1.1's "Zero-Point Offender" adjustment, which is available to a defendant who does not have any criminal history points and has not committed certain offenses, including a "sex offense." Gallagher argued that although possession of child pornography is an offense under chapter 110 of title 18 of the United States Code, it is not a "sex offense" under § 4C1.1 because it is not "perpetrated against a minor."

After several months of delay, sentencing was held in March 2025. At this hearing, the district court heard brief argument on the Zero-Point Offender issue and overruled Gallagher's objection, agreeing with the government that the adjustment did not apply in "a case involving a sex offender." The district court then adopted the PSI's guideline calculations, heard the parties' sentence recommendations, and sentenced Gallagher to 78 months of imprisonment with 15 years of supervised release to follow. Gallagher now appeals.

## II. STANDARD OF REVIEW

We review de novo a district court's interpretation and application of the sentencing guidelines. *United States v. Elbeblawy*, 899 F.3d 925, 933 (11th Cir. 2018). We have the discretion to affirm on any ground supported by the law and the record, even if not relied upon by the district court. *See United States v. Campbell*, 26 F.4th 860, 879 (11th Cir. 2022) (en banc); *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

## III. DISCUSSION

"While a district court is not bound to apply the Guidelines, it must consult them and take them into account when sentencing." *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (citation modified). "This consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." *Id.* (citation modified).

Gallagher argues on appeal, as he did below, that the district court erroneously found him ineligible for the Zero-Point Offender

adjustment and maintains that his offense was not "perpetrated against a minor." He asserts that, in failing to apply this adjustment, the district court improperly elevated his guideline range, which requires our Court to vacate his sentence. We disagree.

The phrase "perpetrated against a minor" comes from the definition of "sex offense" included in the 2023 version of the Guidelines. *See* U.S.S.G. § 4C1.1(b)(2)(A) (Nov. 2023) (defining "sex offense" to include "an offense, perpetrated against a minor under . . . chapter 110 of title 18, not including a recordkeeping offense"). Our Court has not interpreted the meaning of this phrase in this context, and we need not do so here to resolve Gallagher's appeal.

When reviewing a district court's application of the Guidelines, we generally apply the version in effect on the date of the sentencing hearing. *Jerchower*, 631 F.3d at 1184. And, although neither party recognizes this point, the 2024 Guidelines were in effect at Gallagher's March 2025 sentencing hearing, despite the PSI's preparation under the 2023 Guidelines. In the 2024 Guidelines, the Sentencing Commission deleted the words "perpetrated against a minor" from § 4C1.1(b)(2)(A) "to ensure that any individual who commits a covered sex offense against any victim, regardless of age, is excluded from receiving the 2-level reduction." U.S.S.G. Supp. to App. C, Amend. 830 (U.S. SENT'G COMM'N 2024).

Gallagher does not contest that his offense of conviction falls under chapter 110 of title 18, so the applicable version of § 4C1.1 plainly forecloses any argument that possession of child

25-11272                Opinion of the Court                        5

pornography does not qualify as a "sex offense." *See* U.S.S.G. § 4C1.1(b)(2)(A) (Nov. 2024) (defining "sex offense" to include "an offense under . . . chapter 110 of title 18, not including a record-keeping offense"). We therefore find no error in the district court's conclusion that Gallagher was ineligible for the Zero-Point Offender adjustment.

## IV. CONCLUSION

We **AFFIRM** Gallagher's 78-month sentence.