[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13289

_____

D. C. Docket No. 06-00003-CR-1-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL W. WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 1, 2009)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Defendant-Appellant Michael White appeals his conviction for operating a chop shop in violation of 18 U.S.C. § 2322 and several related crimes. White contends that (1) the district court erred by denying a mistrial after an investigator arguably introduced character evidence during testimony; (2) a one-character difference in a Vehicle Identification Number (VIN) listed in the indictment and the proof offered at trial on that vehicle constituted a constructive amendment or material variance; and (3) the district court erred in applying a three-level enhancement to his base sentence. No reversible error has been shown; we affirm.

First, White contends that a statement by the lead investigator during trial created an impermissible character inference and warranted a mistrial. On direct examination, the lead investigator in the case testified that White had admitted that "Kevin Crews had got him back or got him into the stealing vehicles and switching them out and stuff like that." White asserts that the jury may have interpreted this statement as a reference to past misconduct; the government maintains that the statement was merely a slip of the tongue that was too ambiguous to be prejudicial and, in any event, was immediately corrected. We will not disturb a district court's evidentiary determinations absent a clear abuse of discretion; whether or not to grant a mistrial lies within the sound discretion of the district judge. United States

2

v. Mendez, 117 F.3d 480, 484 (11th Cir. 1997). White has failed to demonstrate that this fleeting and immediately corrected statement was prejudicial, especially given the absence of argument and of other evidence suggesting that White engaged in prior misconduct. To deny a mistrial was no abuse of the district court's considerable discretion.

Second, the indictment charging White incorrectly stated one of the seventeen characters in a VIN as a "W" instead of an "N." White contends that this typo resulted in an impermissible variance or a constructive amendment.

> [A]n *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect by the prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

United States v. Keller, 916 F.2d 628, 633 (11th Cir. 1990) (quoting United States v. Salinas, 654 F.2d 319, 324 (5th Cir. 1981)) .

> [T]he proper distinction between an amendment and a variance is that an amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment. A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same.

Id. at 634.

We will only discuss the variance issue because White acknowledged that it is his better argument, although we have considered the constructive amendment

claim and reject it. The government concedes the existence of a variance. For a variance to result in reversal, the variance must be material and the defendant must have suffered substantial prejudice as a result. United States v. Caporale, 806 F.2d 1487, 1499 (11th Cir. 1986). In circumstances such as those here, substantial prejudice occurs when the defendant is unfairly surprised and had an inadequate opportunity to prepare his defense. Id. at 1500-01. Nothing in the record suggests that White's ability to prepare his defense was impaired. White was not unfairly surprised because, as noted by the district court, the pretrial discovery materials set out the correct VIN.

Last, White contends that his sentence was improperly enhanced. While a district court's application of the Sentencing Guidelines is reviewed *de novo*, its factual determinations are reviewed for clear error. United States v. Yeager, 331 F.3d 1216, 1224 (11th Cir. 2003). The Sentencing Guidelines allow for a three-level enhancement if the "defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(b) (2007). The defendant need only supervise a single participant; and for the purpose of determining the total number of participants, all criminally culpable people (even if not convinced), including the defendant, are counted. See United

States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). The record provides adequate support for the district court's conclusion that the criminal activity both involved at least five people and was otherwise extensive.

AFFIRMED.