[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14147
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00003-TCB-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL W. WHITE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 16, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Michael W. White appeals his 96-month sentence, following his conviction

of numerous crimes involving stolen motor vehicles.  We affirm.

# I. BACKGROUND

A. <u>Conviction and Initial Sentence—2006 Case</u>

In March 2006, a federal grand jury indicted White in the case before this court (the "2006 Case"), for one count of owning, maintaining, or operating a "chop shop,"[1] in violation of 18 U.S.C. § 2322 (Count 1); three counts of transporting stolen motor vehicles, in violation of 18 U.S.C. § 2312 (Counts 2, 5, 8); three counts of receiving, possessing, or disposing of stolen motor vehicles, in violation of 18 U.S.C. § 2313(a) (Counts 3, 6, 9); two counts of possessing with intent to sell or dispose of motor vehicles, the vehicle identification numbers ("VINs") of which had been altered or removed, in violation of 18 U.S.C. § 2321 (Counts 4, 7); and two counts of altering or removing VINs, in violation of 18 U.S.C. § 511 (Counts 10-11).[2] The indictment alleged White committed the crimes between January 2003 and January 2006. The indictment also contained a forfeiture provision and named in various counts several codefendants, Michael Ivey, Scott Hughes, and Nathan Wynn. A jury convicted White of all 11 counts, following a 4-day trial. In June 2008, the district judge imposed a general 94-month term of imprisonment, to be followed by 3 years of supervised release. We

---

[1] A "chop shop" operation involves dismantling stolen automobiles and selling their parts. *United States v. Fuentes*, 107 F.3d 1515, 1517 n.1 (11th Cir. 1997).

[2] The indictment erroneously listed 18 U.S.C. § 2321 as the statute applicable to Count 10, which has been corrected in White's most recent judgment.

affirmed White's conviction and sentence on direct appeal. *United States v. White*, 349 F. App'x 381, 383 (11th Cir. 2009) (per curiam).

B. 2009 Case—Northern District of Georgia, Case No. 3:09-cr-00016-JOF-AJB-1

In December 2009, a federal grand jury issued a new indictment against White (the "2009 Case"), based on conduct White allegedly committed while on pretrial release in the 2006 Case. The 2009 indictment charged White with several chop-shop and stolen-motor-vehicle crimes, including possessing with intent to sell or dispose of vehicles with altered or removed VINs (Count 6), and one count of committing an offense, while on pretrial release in the 2006 Case (Count 9). The 2009 indictment alleged White committed the offenses between September 2006 and February 2008.

White pled guilty to Counts 6 and 9 under a plea agreement that included an appeal waiver. In January 2011, the district judge imposed consecutive prison terms of 34 months on Count 6 and 12 months on Count 9, for a total of 46 months of imprisonment, to be served consecutively to White's undischarged sentence in the 2006 Case. In March 2012, we granted the government's motion to dismiss White's appeal in the 2009 Case, based on the appeal waiver in his plea agreement. *United States v. White*, No. 11-10119 (11th Cir. Mar. 23, 2012).

C. Motion to Vacate the Subject  Conviction and Initial Sentence—2006 Case

In April 2011, White filed a pro se 28 U.S.C. § 2255 motion to vacate his conviction and sentence in the 2006 Case.  He raised several grounds for relief, including his 94-month sentence exceeded the 5-year statutory maximum applicable to Counts 10 and 11, and his indictment listed the wrong statute as for Count 10.  Following a hearing before a magistrate judge, the district judge granted White's § 2255 motion in part, vacated his sentence because it was an unlawful general sentence, and ordered a new sentencing hearing.

D. Resentencing—2006 Case

In this case, White's probation officer prepared a new presentence investigation report ("PSI"), which applied the 2013 Sentencing Guidelines Manual.  The PSI calculated a base offense level of 8, under U.S.S.G. § 2B6.1(a). The PSI added 10 levels based on a total loss amount of $154,274.75, under § 2B6.1(b)(1)(B), and an additional 3 levels, for White's role in the offense, under U.S.S.G. § 3B1.1(b).  The loss amount was based on vehicles stolen between March or April 2003 and October 2005.

The PSI calculated a criminal-history score of 16 and a criminal history category of VI.  The probation officer assigned criminal-history points for prior federal and state convictions for theft by receiving stolen property; possession of a motor vehicle with an altered VIN; owning, operating, or conducting a chop shop;

4

and conspiracy to commit several motor-vehicle offenses; and White had committed these crimes, while on supervised release in a prior case. The PSI also reported unscored prior state convictions for burglary, criminal use of an article with an altered identification mark, theft by receiving stolen property, and theft by taking. The PSI showed White previously had been convicted of a total of 16 counts of theft in 5 prior cases, and his probation had been revoked a total of 7 times in 4 prior cases.

Based on a total offense level of 21 and a criminal history category of VI, the PSI calculated a Sentencing Guidelines range of 77-96 months of imprisonment. White was subject to statutory maximum prison terms of 15 years on Count 1, 10 years on Counts 2-9, and 5 years on Counts 10-11. *See* 18 U.S.C. §§ 511(a) (Counts 10-11), 2312 (Counts 2, 5, 8), 2313(a) (Counts 3, 6, 9), 2321(a) (Counts 4, 7), 2322(a)(1) (Count 1).

The PSI also reported White's guilty plea and sentence in the 2009 Case, under the heading "Offense Behavior Not Part of Relevant Conduct." (PSI ¶ 58). The charges in the 2009 Case arose from a chop shop operated by White and Karen Wright, who also was named as a defendant in the 2009 Case. White committed the crimes in the 2009 Case between September 2006, when he was released on bond and under pretrial supervision in this case, and February 2008, when he was convicted and remanded in this case.

During White's August 2013 resentencing hearing in this case, the district judge calculated a total offense level of 21, a criminal history category of VI, and a resulting Sentencing Guidelines range of 77-96 months of imprisonment.  Under *United States v. Fuentes*, 107 F.3d 1515 (11th Cir. 1997), and U.S.S.G. § 5G1.3, White argued that the 2009 Case should be considered relevant conduct to this case, and White's applicable sentence therefore should run concurrently with part of the sentence in his 2009 Case.  He asked for a 77-month imprisonment sentence, to be served concurrently with the 34-month sentence in the 2009 Case (for possessing with intent to sell or dispose of vehicles with altered or removed VINs), and consecutively to the 12-month sentence in that case (for committing an offense while on release).  *See* 18 U.S.C. § 3147 (requiring a sentence imposed for committing an offense while on supervised release to run consecutively to any other sentence).

The district judge stated he had been impressed by the "breathtaking extent" of White's criminal enterprise and significant history of violating probation, and he noted that White had numerous theft convictions.  R. at 2693.  The judge imposed concurrent prison terms of 94 months on Counts 1-9 and 60 months on Counts 10-11, all to be served consecutively to the 46-month sentence in the 2009 Case, and to be followed by concurrent 3-year terms of supervised release on each count.  The judge also reimposed previously ordered restitution.  In sentencing White, the

6

judge stated he would have imposed the same sentence, even if he had erred in overruling White's relevant-conduct objection, in view of the need for adequate deterrence and punishment.

White argues on appeal that, under *Fuentes*, the district judge clearly erred when he failed to find White's conviction in the 2009 Case constituted relevant conduct for purposes of sentencing in this case. According to White, the conduct underlying the 2009 Case was composed of the same criminal acts, committed at nearly the same time, and with the same purpose and goal, as the conduct underlying his sentence before this court. White further argues the district judge procedurally erred by failing to calculate properly his Sentencing Guidelines range. In his reply brief, White argues for the first time that a currently pending proposed amendment to § 5G1.3 issued on April 30, 2014,[3] supports his position.

## II. DISCUSSION

We review de novo the application of § 5G1.3. *United States v. Bidwell*, 393 F.3d 1206, 1208-09 (11th Cir. 2004). Under § 5G1.3, when a term of imprisonment resulted from another offense that is relevant conduct to the subject crime of conviction and was the basis for an increase in the offense level under Chapters 2 or 3 of the Sentencing Guidelines, the sentence "shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

---

[3] White filed his initial appellate brief on April 23, 2014.

7

U.S.S.G. § 5G1.3(b); *United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009).  If the subject crime was committed while the defendant was serving a prison term, or after sentencing for, but before beginning to serve a prison term, the sentence must run consecutively to the undischarged prison term.  U.S.S.G. § 5G1.3(a).  In all other cases, the sentence may be imposed to run concurrently, partially concurrently, or consecutively to a prior undischarged prison term.  *Id.* § 5G1.3(c).  By statute, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  Both § 3584 and § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times."  *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

In reviewing the district judge's application of the Sentencing Guidelines, we apply the version of the Guidelines in effect on the date of the sentencing hearing.  *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011); *see also* U.S.S.G. § 1B1.11.  Although subsequent clarifying amendments to the Guidelines are to be considered on appeal, substantive guideline amendments are not applied retroactively on appeal.  *Jerchower*, 631 F.3d at 1184.

On April 30, 2014, the Sentencing Commission submitted to Congress a proposed amendment to § 5G1.3.  *See* 79 Fed. Reg. 25,996, 25,997, 26,010-11 (May 6, 2014).  If adopted, the amended § 5G1.3 will no longer include the

8

requirement that a prior undischarged term of imprisonment was the basis for an increase in his offense level, as a prerequisite to the imposition of concurrent sentences. *See id.* at 26,010. Absent congressional action to the contrary, the amendment will become effective on November 1, 2014. *See id.* at 25,997; *see also* 28 U.S.C. § 994(p); *United States v. Colon*, 707 F.3d 1255, 1260-61 (11th Cir. 2013). We generally will not consider arguments raised for the first time in a reply brief. *See United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006).

*Fuentes*, which addressed a prior version of § 5G1.3(b), is inapplicable here. In that case, defendant Fuentes had been convicted in state court of stealing three cars between August 1989 and February 1991. *Fuentes*, 107 F.3d at 1518. Fuentes had taken each car to a chop shop, stripped it, removed the VINs, and sold the parts. *Id.* The state court sentenced him in March 1992 to a total of 12 years of imprisonment. *Id.* Fuentes also had stolen and "chopped" at least 12 other cars between the summer of 1991 and October of that year, when he was arrested. *Id.*

In June 1993, a federal grand jury indicted Fuentes for his chop-shop activities, after which he pled guilty to conspiracy to alter VINs and to possess with intent to dispose of motor vehicles and parts with altered VINs. *Id.* The district judge sentenced Fuentes to five years of imprisonment, to be served consecutively to his undischarged state sentence. *Id.* at 1519.

9

On appeal, we concluded the district judge had misinterpreted § 5G1.3(b). *See id.* at 1524-26.  We explained (1) the state offenses were required to be considered relevant conduct under U.S.S.G. § 1B1.3(a)(2), because the state and federal offenses formed both the same course of conduct and a common scheme or plan; and (2), when a defendant is serving an undischarged sentence based on conduct that is required to be considered in a later sentencing as relevant conduct under § 1B1.3, the later sentence should run concurrently to the undischarged sentence under § 5G1.3(b).  *Id.*

Unlike the version of § 5G1.3(b) in effect at the time of *Fuentes*, the current version of § 5G1.3(b) requires the sentence to run concurrently to a prison term resulting from another crime if the other crime (1) is relevant conduct under § 1B1.3(a)(1)-(3); *and* (2) was the basis for an increase in the offense level.  *See* U.S.S.G. § 5G1.3(b); *Knight*, 562 F.3d at 1329.  The version of § 5G1.3(b) in effect at the time of *Fuentes* did not require the other offense to have been the basis for an increase in the instant offense level.  *See* U.S.S.G. App. C, Amend. 660; *Fuentes*, 107 F.3d at 1520-21 & n.8; *compare* U.S.S.G. § 5G1.3 (1994), *with* U.S.S.G. § 5G1.3 (2013).  White's conviction in the 2009 Case was not the basis for an increase in his base offense level in this case, and it did not impact his loss-amount increase or role enhancement.  Consequently, the district judge did not err

under § 5G1.3 by ordering White's sentence in the 2006 case to be served consecutively to the sentence in the 2009 Case.

White's assertion that the district judge failed to calculate properly his Sentencing Guidelines range is essentially a restatement of his relevant-conduct argument, and is refuted by the record.  At the beginning of White's resentencing hearing, the judge properly calculated a total offense level of 21, a criminal history category of VI, and a resulting Guidelines range of 77-96 months of imprisonment. The judge was not required to recalculate the same Guidelines range using the same figures after implicitly rejecting White's § 5G1.3 argument.  Regardless of whether White's argument as to the proposed amendment to § 5G1.3 is properly before us, it has no bearing on this appeal.  White's argument is based on a version of § 5G1.3 that was not in effect at the time of his sentencing, is not yet in effect, and will become effective later this year, only if Congress does not modify or disapprove the amendment.  *See* 28 U.S.C. § 994(p); 79 Fed. Reg. at 26,010-11; *Colon*, 707 F.3d at 1260-61; *Jerchower*, 631 F.3d at 1184.

**AFFIRMED.**