[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11332
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20513-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JESUS PEREZ-PRADO,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2015)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals the 48-month sentence imposed on Jesus Perez-Prado after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, Mr. Perez-Prado objected to the base offense level calculation contained in his presentence investigation report. Specifically, Mr. Perez-Prado argued that a base offense level of 20 pursuant to § 2K2.1(a)(4)(A) of the Sentencing Guidelines was not merited because his prior conviction for possession with intent to sell or deliver marijuana under Florida Statute § 893.13(1)(a)(2) was not a "controlled substance offense" as defined in § 4B1.2(b) of the Sentencing Guidelines.  The district court agreed, sustaining his objection to the PSI and assigning Mr. Perez-Prado the lower base offense level of 14 pursuant to § 2K2.1(a)(6).  On appeal, the government argues that this calculation was error.  After careful review of the parties' briefs, we vacate and remand for resentencing.

We review the district court's application of the Sentencing Guidelines *de novo*.  *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011).  We review *de novo* whether a defendant's prior conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines.  *See United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009) (reviewing *de novo* whether a defendant's prior conviction qualified as a crime of violence under the Sentencing Guidelines for purposes of applying U.S.S.G. § 2K2.1(a)(4)(A)).

2

Under the Sentencing Guidelines, a defendant convicted of possession of a firearm pursuant to § 922(g)(1) ordinarily receives a base offense level of 14. *See* U.S.S.G. § 2K2.1(a)(6) & comment n.3. In relevant part, the Guidelines provide that the base offense level increases to 20 if the defendant committed the offense subsequent to sustaining one felony conviction for a "controlled substance offense." *See* U.S.S.G. § 2K2.1(a)(4)(A). For purposes of applying § 2K2.1(a)(4), a "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* at § 4B1.2(b). *See* § 2K2.1, comment n.1.

In *United States v. Smith*, No. 13-15227, 2014 WL 7250963, slip op. at 11 (11th Cir. Dec. 22, 2014), we recently held that a conviction under § 893.13(1) of the Florida Statutes constitutes a "controlled substance offense" as defined in § 4B1.2(b) of the Sentencing Guidelines. Accordingly, we hold, for the reasons substantially stated in our opinion in *Smith*, that it was error for the district court to conclude that Mr. Perez-Prado's 2011 conviction under § 893.13(1)(a)(2) did not qualify as a "controlled substance offense" pursuant to § 4B1.2(b). We therefore vacate Mr. Perez-Prado's sentence and remand for resentencing.

**VACATED AND REMANDED.**