[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12991
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20513-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS PEREZ-PRADO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2016)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesus Perez-Prado appeals his 76-month sentence, imposed at the middle of the advisory guideline range.  Mr. Perez-Prado, who pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), raises two issues on appeal.  First, he argues that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a).  Second, he contends that his 2011 marijuana possession conviction is not a "controlled substance offense" under the Sentencing Guidelines.  After careful review, we affirm.

## I

On July 2, 2013, two police officers approached Mr. Perez-Prado and asked to question him following a suspicious vehicle transaction.  Upon his consent to questioning, one of the officers asked Mr. Perez-Prado about an object he had just placed into his waistband.  Mr. Perez-Prado admitted that it was a firearm, and the officers recovered a .25 caliber Berretta, loaded with seven rounds of ammunition, and two additional loaded magazines from his person.

In December of 2013, Mr. Perez-Prado pled guilty without a plea agreement to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Based on a total offense level of 20 and a criminal history category of VI, the probation officer calculated Mr. Perez-Prado's advisory guideline range to be 70 to 87 months in prison.  *See* PSI at ¶ 76; U.S.S.G. § 2K2.1(a)(4)(A).  The probation officer did not recommend a three-level downward

adjustment for timely acceptance of responsibility because Mr. Perez-Prado tested positive for cocaine and was re-arrested for possession of marijuana and drug paraphernalia while he was out on bond. *See id.* at ¶ 12.

At his first sentencing hearing, held in February of 2014, Mr. Perez-Prado objected to the base offense level of 20, arguing that his conviction for marijuana possession was not a "controlled substance offense" under the Guidelines. The district court sustained his objection and reduced the base offense level to 14, under U.S.S.G. § 2K2.1(a)(6). This resulted in a new advisory guideline range of 37 to 46 months. The court, however, imposed a 48-month sentence, reasoning that the upward variance of two months was reasonable because of Mr. Perez-Prado's high potential for violence, need for incarceration, and mental illness, as well as the benefits he might receive from a structured environment.

The government appealed his 48-month sentence and argued that the district court had erred in concluding that Mr. Perez-Prado's conviction for possession with intent to sell or deliver marijuana in violation of Fla. Stat. § 893.13(1) was not a "controlled substance offense" under the Guidelines. We ruled in favor of the government and remanded the case for re-sentencing on March 9, 2015. *See United States v. Perez-Prado*, 598 F. App'x 739, 740 (11th Cir. 2015). In light of our determination that his 2011 offense qualified as a "controlled substance offense," the advisory guideline range increased to 70 to 87 months.

At re-sentencing in June of 2015, the government requested a 70-month sentence and Mr. Perez-Prado asked for a downward variance to 60 months. After considering the statements of the parties, the relevant § 3553(a) factors, and the advisory guideline range, the district court decided not to vary and imposed a midrange sentence of 76 months' imprisonment followed by three years of supervised release with special conditions, including treatment for mental health, substance abuse, anger control, and domestic violence. Mr. Perez-Prado now appeals.

## II

We review the reasonableness of sentences under a deferential abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 41 (2007). We first consider procedural unreasonableness and then determine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* at 51.[1]

We will vacate a sentence only if "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The party challenging the sentence

---

[1] Mr. Perez-Prado does not argue that his sentence was procedurally unreasonable.

bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court "shall impose a sentence sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need "to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant [and] to provide the defendant with needed . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Additional factors include "the nature and circumstances of the offense and the history and characteristics of the defendant . . . [and] . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* at § 3553(a)(1), (4)(A). The weight given to any specific factor is committed to the discretion of the district court. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Furthermore, a district court does not commit reversible error simply because it attaches great weight to a single factor, but "[a] district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Here, the district court explicitly considered the § 3553(a) factors and determined that a midrange sentence within the applicable advisory guideline range of 70 to 87 months was warranted. On appeal, Mr. Perez-Prado contends

that the court discounted his tragic life, the substantial history of his mental health illness, and his lack of literacy, skills, and education.  This argument, however, is not supported by the record.  At re-sentencing, Mr. Perez-Prado conceded that his criminal history was significant, and the district court noted that he would receive some psychiatric therapy and his original medication while incarcerated.  In its discussion of supervised release, the court also imposed special conditions to address Mr. Perez-Prado's need for mental health and substance abuse treatment. The court was not unsympathetic to Mr. Perez-Prado's concerns; rather, it was asked to balance his demonstrated history of being a danger to the community with his need for structure, incarceration, and mental health treatment where mental health facilities are no longer a viable option.

Mr. Perez-Prado also argues that the district court misapplied the § 3553(a) factors by focusing only on the need to protect the public from further crimes. Although the court did highlight his criminal history and the danger he posed to the community in choosing to impose a midrange sentence, reference to a single factor is not enough to establish unreasonableness. *See Williams*, 526 F.3d at 1322. In any event, the court evaluated several other statutory factors, including Mr. Perez-Prado's mental health history and characteristics, the need to deter further criminal conduct, his need for correctional treatment and structure, and the applicable category of the offense committed.  Finally, the 76-month sentence here is well

6

below the statutory maximum of ten years and falls in the midrange of the advisory guidelines—both of these facts indicate reasonableness. *See United States v. Winigear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing actual prison term imposed to twenty-year statutory maximum). *See also United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ([A]lthough "we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'").

Mr. Perez-Prado has not demonstrated that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. We therefore conclude that the district court did not abuse its discretion in imposing a 76-month sentence.

## III

Mr. Perez-Prado also maintains that, at re-sentencing, the district court erroneously classified his prior conviction for possession with intent to sell or deliver marijuana as a "controlled substance offense" pursuant to § 4B1.2(b). His claim is foreclosed by both the law of the case and binding precedent. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (finding that a conviction under Fla. Stat. § 893.13(1) constitutes a "controlled substance offense" as defined in § 4B1.2(b) of the Guidelines). Mr. Perez-Prado raises this issue only to preserve it for any future review.

## IV

We affirm Mr. Perez-Prado's sentence.

**AFFIRMED.**