[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12155
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14061-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANTALUS PRENTICE TOUSSAINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Tantalus Toussaint appeals his 117-month sentence, imposed after pleading guilty to carrying or possessing a firearm during and in relation to a drug trafficking crime and being a felon in possession of a firearm and ammunition.  On appeal, Defendant challenges the substantive reasonableness of his sentence.  After careful review, we affirm.

I.    **BACKGROUND**

According to the Presentence Investigation Report ("PSR"), an officer with the Fort Pierce Police Department conducted a traffic stop of a vehicle being driven by Defendant.  Upon approaching the vehicle, the officer noticed the smell of marijuana coming from the vehicle and later discovered that Defendant did not have a valid driver's license.  Following Defendant's arrest, a search of his person revealed an individually packaged bag of marijuana and a large amount of cash.  A subsequent search of his vehicle revealed, among other things, several individually packaged bags of marijuana, a larger bag of marijuana, a scale, and a 9-mm Taurus pistol.

Defendant later pled guilty to carrying or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

(Count 3), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 4).[1]

The PSR stated that Defendant faced a mandatory minimum of 60 months' imprisonment as to the § 924(c) conviction (Count 3), to run consecutive to any other sentence imposed. As to the § 922(g) conviction (Count 4), the PSR assigned Defendant a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2) because Defendant's possession of a firearm was committed after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. Defendant received a two-level enhancement under § 2K2.1(b)(4) because the firearm was stolen. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 23. Based on a total offense level of 23 and a criminal history category of IV, Defendant's guideline range on Count 4 was 70 to 87 months' imprisonment. Defendant did not file any objections.

Prior to the sentencing hearing, Defendant moved for a downward variance. He argued that a downward variance was necessary to avoid unwarranted sentencing disparities among defendants in other circuits where the residual clause in U.S.S.G. § 4B1.2(a)(2)'s crime-of-violence definition had been invalidated. He

---

[1] Defendant was originally charged with two counts of possession with intent to distribute (Counts 1 and 2), but the Government agreed to dismiss those charges based on Defendant's guilty plea to Counts 3 and 4.

3

further argued that the application of § 4B1.2(a)(2)'s residual clause would create unwarranted sentencing disparities with defendants sentenced after August 1, 2016—the effective date of the proposed Guidelines' amendment deleting the residual clause from § 4B1.2(a)(2)'s definition of crime of violence.

At the sentencing hearing, Defendant reiterated his request for a downward variance and requested a postponement of sentencing until after August 1, 2016. The district court denied the request to postpone sentencing, but stated that it would consider Defendant's motion for a downward variance. Defendant explained that a downward variance was appropriate to avoid unwarranted sentencing disparities among defendants in other circuits where the Supreme Court's decision in *Johnson*[2] has been applied to the Guidelines. Asking the court to apply the Guidelines that would be effective on August 1, 2016, Defendant requested a total sentence of 97 months' imprisonment, consisting of the mandatory 60-month sentence for the possession of a firearm during and in relation to a drug trafficking crime charge and 37 months' imprisonment for the felon-in-possession charge.

The Government acknowledged that the district court had authority to vary downward based on the proposed amendment to the Guidelines. Both parties agreed that if the proposed changes to the Guidelines were effective at the date of

---

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

sentencing, Defendant's guideline range would decrease from 70 to 87 months' imprisonment to 46 to 57 months' imprisonment.

After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to a total of 117 months' imprisonment, consisting of the mandatory 60-month term as to Count 3, followed by 57 months' imprisonment as to Count 4. The district explained that it had partially granted Defendant's request for a downward variance based on the anticipated changes to the Guidelines which would have lowered Defendant's guideline range to 46 to 57 months' imprisonment. Defendant objected to the substantive reasonableness of the sentence. This appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[3]  *Id.*

---

[3] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotations omitted). The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Defendant has not shown that his sentence is substantively unreasonable. In calculating Defendant's 117-month sentence, the district court imposed a mandatory 60-month sentence on Count 3 and a 57-month sentence on Count 4—which reflected a 13-month downward variance from the guideline range of 70 to 87 months' imprisonment.[4] Because we generally expect a sentence imposed within the guideline range to be reasonable, one would not typically expect a sentence <u>below</u> that range to constitute an unreasonably high sentence. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence within the guideline range is reasonable, we typically

---

[4] The parties incorrectly refer to the district court's imposition of the 57-month sentence on Count 4 as a within-guidelines sentence. However, the guideline range applicable at the time of Defendant's sentencing in April 2016 was 70 to 87 months' imprisonment. *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (explaining that when we review the district court's application of the Sentencing Guidelines, we apply the version of the Guidelines applicable at the time of the defendant's sentence). Accordingly, the 57-month sentence imposed by the district court constituted a 13-month downward variance from the low end of the applicable guideline range. But regardless of whether the 57-month sentence is characterized as a variance or a within-guidelines sentence, we conclude that it is reasonable.

expect it to be reasonable).  Further, Defendant's sentences on Counts 3 and 4 were well below the statutory maximum sentences for his offenses (life imprisonment on Count 3 and ten years on Count 4).  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

Although Defendant argues that the district court placed undue weight on his prior convictions, the record shows that in addition to considering Defendant's extensive criminal history, the district court also emphasized the need for deterrence and the need to protect the public from the future crimes of Defendant. That the district court may have placed more weight on Defendant's criminal history was entirely within its discretion.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

Defendant also argues that the district court failed to consider his mitigating evidence.  However, the district court listened to Defendant's arguments at sentencing that both of his convictions stemmed from possession of the same firearm and that there was no evidence showing that the firearm was stolen. Defendant therefore has not persuaded us that the district court ignored his mitigating circumstances.  *See United States v. Amedeo*, 487 F.3d 823, 833 (11th

7

Cir. 2007) (stating that, although the district court did not specifically mention mitigating evidence, "we cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining [the defendant]'s sentence").

In short, Defendant has not met his burden of showing that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted).

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.