[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11995
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00099-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RICHARD JODOIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 12, 2020)

Before BRANCH, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

I.

Robert Jodoin was indicted on five counts. Count 1 charged him with

importing gamma-Hydroxybutyric Acid ("GHB") in violation of 21 U.S.C.

§§ 952(a), 960(a)(1), and 963.  Count 2 charged him with distributing benzoyl fentanyl in violation of 21 U.S.C. § 841(a)(1).  Count 3 charged him with possessing with the intent to distribute N-Ethylhexedrone, an analogue of pentedrone, in violation of 21 U.S.C. §§ 841(a)(1) and 813.  Count 4 charged him with maintaining a place of residence for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856.  Count 5 charged him with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He pleaded guilty to all five counts.

For Counts 1-4, Jodoin's Guidelines imprisonment range was 87 to 108 months.  The District Court found that Jodoin's service in the United States military, which resulted in significant mental health and addiction challenges, and the fact that he suffered abuse and other difficulties as a child, warranted a downward variance from this Guidelines range.  Therefore, the District Court varied down by 17 months and sentenced him to serve concurrent 70-month sentences for each of Counts 1-4.  Regarding Count 5, the Court sentenced Jodoin to the statutory mandatory minimum of 60 months, *see* 18 U.S.C. § 924(c)(1)(A)(i), to be served consecutively to his sentences on Counts 1-4.  This resulted in a total sentence of 130 months' imprisonment.

Jodoin appeals, arguing that the District Court's 70-month concurrent sentences on Counts 1-4 were substantively unreasonable.[1] Essentially, he thinks that the District Court erred by not varying further downward from his Guidelines range. We disagree and, therefore, affirm.

## II.

A party challenging the substantive reasonableness of his sentence bears the burden of establishing that, based on (1) the facts of the case and (2) the § 3553(a) factors, his sentence is unreasonable. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The 18 U.S.C. § 3553(a) factors include (1) the criminal history of the defendant, (2) the seriousness of the crime, (3) the protection of the public from further crimes of the defendant, (4) the provision of needed medical care or other correctional treatment to the defendant, (5) the promotion of respect for the law, (6) the provision of just punishment, and (7) the need to deter criminal conduct.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, and, in doing so, we consider the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "A district court abuses its discretion when it (1) fails to afford

---

[1] As Jodoin acknowledges, the District Court had no discretion to depart or vary downward from the statutory mandatory minimum sentence of 60 months on Count 5.

consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)).

Here, Jodoin has failed to show that his below-Guidelines 70-month concurrent sentences on Counts 1-4 were substantively unreasonable.

The District Court properly found that Jodoin's offense conduct was serious and troubling. Jodoin was importing dangerous drugs and selling them to unsuspecting customers over the internet as a purportedly legitimate business, even though he did not actually know the contents of these drugs, and at least one person overdosed as a result. Jodoin also posted an advertisement on his website for someone to beat up his ex-girlfriend, whom he had previously domestically battered, and texted an undercover agent to try to get the agent to "take her out." As far as recidivism and rehabilitation are concerned, Jodoin had previously been in a drug rehabilitation program, which he did not take seriously, and during which he actually solicited other addicts in the program to use his online drug site. Regarding deterrence, the District Court was concerned that Jodoin was not deterred when authorities started intercepting drug packages at his P.O. box. Instead, he merely opened another P.O. box and continued his business as usual.

4

Therefore, the District Court was well within reason when it found that Jodoin exhibited dangerous behavior, an indifference toward the wellbeing of other members of society, and a lack of respect for the law.  Accordingly, it would not have been unreasonable for the District Court to sentence Jodoin within his Guidelines range.  But the Court did not even go that far.

The Court considered the mitigating circumstances that Jodoin provided—his military service, which led to various personal issues, and his childhood difficulties—and actually *varied down* from Jodoin's Guidelines range by 17 months.  We expect a sentence within a defendant's Guidelines range to be reasonable, *see United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008), and therefore we surely must expect that a sentence below a defendant's Guidelines range is not unreasonably severe, *see United States v. Toussaint*, 686 F. App'x 846, 848 (11th Cir. 2017) ("[O]ne would not typically expect a sentence *below* [the defendant's Guidelines] range to constitute an unreasonably high sentence."). Jodoin's sentence is also well below the statutory maximum penalty, which is evidence of its reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (treating the fact that a sentence was well below the statutory maximum penalty as a factor that indicates reasonableness).  Moreover, the District Court sentenced him to concurrent, rather than consecutive, sentences.

In sum, we find that the District Court did not abuse its discretion in balancing the various sentencing factors and arriving at Jodoin's ultimate sentence in this case.  Jodoin's mere disagreement with the District Court's weighing of the factors is not a meritorious basis for a substantive unreasonableness challenge to his sentence.  *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (noting that we give "due deference" to a district court's sentencing determinations); *United States v. Williams*, 526 F.3d 1312, 1322–23 (11th Cir. 2008) (stating that the weighing of sentencing factors is committed to the district court's discretion).  Accordingly, we affirm.

**AFFIRMED.**