[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10544
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00395-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEKERO DEJUAN MCCALOP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2017)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nekero McCalop appeals his 48-month sentence, which the district imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1),  924(a)(2).  McCalop was subject to a base offense level of 22 under the Sentencing Guidelines for having committed the offense of possession a firearm as a convicted felon after sustaining a felony conviction for a "crime of violence."  *See* U.S.S.G. § 2K2.1(a)(3).  That section uses the "crime of violence" definition in U.S.S.G. § 4B1.2.  *Id.* § 2K2.1, cmt. n.1 (2015).

Section 4B1.2 defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  U.S.S.G. § 4B1.2(a) (2015) (emphasis added).  The clause beginning with "or otherwise" in this definition is known as the residual clause.

On appeal, McCalop asserts that his prior Florida conviction for burglary of an unoccupied dwelling does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2 in the 2015 version of the Sentencing Guidelines.  He also argues that the residual clause in § 4B1.2 is unconstitutionally vague.  Finally, he argues for the first time on appeal that Amendment 798 to the Sentencing Guidelines—which

became effective during this appeal and removed both the residual clause and burglary from the enumerated offenses in the "crime of violence" definition—should apply to him.  We stayed appellate proceedings pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).  Now that *Beckles* has been decided, McCalop's appeal is ripe for review.  For the reasons that follow, we affirm.

First, we must reject McCalop's assertion that U.S.S.G. § 4B1.2's residual clause is unconstitutionally vague.  His argument is foreclosed by *Beckles*, in which the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.  *Beckles*, 137 S. Ct. at 895.

Second, under binding circuit precedent we reject McCalop's argument that his conviction in Florida for burglary of an unoccupied dwelling cannot qualify as a crime of violence under the residual clause.  In *United States v. Matchett*, this Court held that burglary of an unoccupied dwelling under Florida law does qualify under the residual clause.  802 F.3d 1185, 1197 (11th Cir. 2015), *cert. denied*, 137 S. Ct. 1344 (2017).  We are bound to follow prior precedent unless it is overruled by this Court sitting en banc or by the Supreme Court.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Third, under either *de novo* or plain error review, the district court's failure to apply Amendment 798 to McCalop's guidelines calculation was not error.[1]  As relevant here, the amendment, which became effective on August 1, 2016, deleted the residual clause in U.S.S.G. § 4B1.2(a)(2) and eliminated burglary of a dwelling as an enumerated offense.  U.S.S.G. App. C, amend. 798.  The Sentencing Commission explained that it eliminated the residual clause as a matter of policy, noting that the clause implicated many of the concerns cited by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague).  *See* U.S.S.G. App. C, amend. 798 (Reasons for Amendment).  The Sentencing Commission further explained that eliminating the clause would alleviate application difficulties and uncertainty following *Johnson*. *Id.*  In eliminating burglary of a dwelling as an enumerated offense from § 4B1.2(a)(2), the Sentencing Commission noted that burglary offenses rarely result in physical violence.  *Id.*

When reviewing the district court's application of the Guidelines, generally we apply the version of the Guidelines in effect on the date of sentencing.  *United*

---

[1] Generally, we review *de novo* a district court's interpretation of the guidelines, including the amendments thereto.  *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003).  But we review for plain error an argument not raised before the district court.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  Although the Sentencing Commission published the proposed amendment prior to McCalop's sentencing, the amendment was not effective until after his sentencing; thus, it is unclear which standard applies to his argument on appeal.

*States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). If, however, an amendment simply clarifies the Guidelines, we give it retroactive effect, considering it on appeal regardless of the date of sentencing or whether the defendant raised the issue the amendment clarified in the district court. *Id.* This is because clarifying amendments do not represent a substantive change in the Guidelines, but instead provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline. *Id.*

In assessing whether an amendment to the Sentencing Guidelines is substantive or clarifying, we consider several factors, including whether: (1) the amendment alters the text of the guideline (suggesting a substantive change) or the commentary (which, if the amendment merely supplements rather than alters or contradicts preexisting commentary, suggests a clarification); (2) the Commission described the amendment as clarifying or not; (3) the Commission included the amendment in the list of retroactive amendments in § 1B1.10(c) (suggesting a substantive change); and (4) the amendment overturns circuit precedent (suggesting a substantive change unless the amendment clarifies a meaning inherent in the original guideline). *Id.* at 1185.

Amendment 798 was substantive, rather than clarifying, so we do not consider it on appeal. In promulgating the Amendment, the Sentencing Commission deleted an entire provision of the text of the guideline, stated that it

5

was doing so as a matter of policy, removed burglary from the list of enumerated offenses, and declined to include the amendment in the list of retroactive amendments. *See* U.S.S.G. App. C, amend. 798; U.S.S.G. § 1B1.10(d).  These are hallmarks of a substantive amendment, not a clarifying one. *Jerchower*, 631 F.3d at 1185.  Thus, the amendment does not apply retroactively on appeal. *Id.* at 1184.

For these three reasons, we affirm McCalop's sentence.

**AFFIRMED.**