[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10171
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20701-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HARVEY,
ANJA KARIN KANNELL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(October 13, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Joseph Harvey and his wife, Anja Kannell, appeal *pro se* the denial of their motions to modify, to set aside, and to reduce their sentences. We affirm the denial of their motion to reduce, but because the district court lacked subject-matter jurisdiction to entertain their successive motions to modify and to set aside their sentences, we vacate and remand for the district court to dismiss those motions.

Harvey and Kannell were convicted of fraud and identity theft offenses and received sentences of 159 months of imprisonment. We affirmed their convictions and sentences on direct appeal. *United States v. Kannell*, 545 F. App'x 881 (11th Cir. 2013). Later, the couple moved to vacate their sentences, in part, based on the alleged ineffectiveness of trial and appellate counsel for failing to challenge the calculation of their sentences, *see* U.S.S.G. § 2B1.1(b), and of restitution. *See* 28 U.S.C. § 2255. The district court denied the motion to vacate on the merits, and we denied Harvey and Kannell a certificate of appealability. *Harvey v. United States*, No. 15-14393 (11th Cir. Mar. 28, 2016); *Kannell v. United States*, No. 15-14392 (11th Cir. Mar. 28, 2016).

Harvey and Kannell filed a series of motions challenging their sentences. The couple filed a motion to modify that repeated, in part, their earlier arguments about the enhancement of their sentences and the calculation of their restitution. *See* 18 U.S.C. § 3742; Fed. R. Crim. P. 36. They also argued that they were entitled to a reduction of their sentences under Amendment 732 to the Sentencing

2

Guidelines. *See* 18 U.S.C. § 3582(c). The couple twice amended their motion to add arguments that the Bureau of Prisons had recorded Kannell's sentence incorrectly and that an order reciting her sentence had reset "the clock as for . . . time limitations for appeals[.]" Harvey and Kannell also filed a motion to set aside their judgments on the ground that the district court had failed, as required by *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), to address several issues raised in their initial motion to vacate. *See* Fed. R. Civ. P. 60(b). Kannell also moved to reduce her sentence based on her good conduct in prison.

The district court issued a global order addressing Harvey and Kannell's motions. The district court denied the "motions as untimely to the extent that they [sought] relief under Federal Rule of Civil Procedure 60(b), unauthorized successive petitions for habeas relief to the extent that they can be construed as such, and otherwise seek relief the Court is without authority to grant."

The district court correctly denied Harvey and Kannell relief. They could not proceed under section 3742 because they had exhausted their right to a direct appeal. *See* 18 U.S.C. § 3742. They also failed to identify "a clerical error in a judgment, order, or . . . the record . . . [that warranted] correct[ion]" under Rule 36. Fed. R. Crim. P. 36.

Harvey and Kannell sought ultimately to test the legality of their sentences, so their avenue of relief was section 2255. *See* 28 U.S.C. § 2255(a). And they

3

could not use a Rule 60(b) motion to circumvent the prohibition on filing successive postconviction challenges to a sentence, *id.* § 2244. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a petition for a writ of habeas corpus); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (applying *Gonzalez* to a motion to vacate), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast*, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc). Because Harvey and Kannell's motions sought to relitigate sentencing issues that the district court had rejected previously on the merits or that could have been raised earlier, the district court correctly treated their motions to modify or set aside as successive motions to vacate.

The district court lacked jurisdiction to entertain Harvey and Kannell's successive motions. They already had filed one motion to vacate and failed to obtain permission from this Court to file a successive motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "Without authorization, the district court lack[ed] jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the district court lacked jurisdiction, it erred by denying instead of dismissing Harvey's and Kannell's motions to modify and to set aside their sentences.

The district court also did not err by denying Harvey and Kannell's motion to reduce based on Amendment 732. *See* 18 U.S.C. § 3582(c)(2). Amendment 732

4

addressed the two-level enhancement under Section 2G1.3(b)(2)(B) of the Guidelines that applies when a defendant "otherwise unduly influenced a minor to engage in prohibited sexual conduct." *See United States v. Jerchower*, 631 F.3d 1181, 1185–86 (11th Cir. 2011) (Amendment 732 related to "undue influence enhancement" of section 2G1.3, and was a clarifying amendment that applied retroactively). Harvey and Kannell did not receive that two-level enhancement, so Amendment 732 could not have affected their sentences.

We **AFFIRM** the denial of Harvey and Kannell's motion to reduce, but we **VACATE** and **REMAND** for the district court to dismiss Harvey's and Kannell's motions to modify and to set aside their sentences.