[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11617
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cv-21939-JLK,
1:11-cr-20701-JLK-1


JOSEPH HARVEY,
ANJA KARIN KANNELL,

                                                        Petitioners-Appellants,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Joseph Harvey and his wife, Anja Kannell, appeal *pro se* the denial of their second motion to set aside their sentences. *See* Fed. R. Civ. P. 60(b). We vacate and remand with instructions to dismiss for lack of jurisdiction.

We review the denial of a motion to set aside for abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). Under that standard, "so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).

Harvey and Kannell's second motion to set aside their sentences is barred by the law of the case. Under the law-of-the-case doctrine, a district court cannot "revisit[] issues that were actually, or by necessary implication, decided by an appellate court" unless "'(1) new and substantially different evidence emerges at a subsequent trial; (2) controlling authority has been rendered that is contrary to the previous decision; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice if implemented.'" *Schiavo v. Schiavo*, 403 F.3d 1289, 1291, 1292 (11th Cir. 2005) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1197–98 (11th Cir. 2004)). In their first motion to set aside, Harvey and Kannell argued that the failure to address several arguments in their motion to vacate violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc). We ruled that the district court lacked jurisdiction to entertain that motion because it was successive. *United States*

2

*v. Harvey*, 699 F. App'x 899, 900 (11th Cir. 2017). Harvey and Kannell's second motion to set aside is duplicative of their first motion, and they identify no exception to the law of the case doctrine that applies to their second motion. Because the district court lacked jurisdiction to consider Harvey and Kannell's second motion to set aside their sentences, we vacate and remand with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED WITH INSTRUCTIONS TO DISMISS.**