[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-14177

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL MORALES COLON,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:13-cr-60166-WPD-1

————————————

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Morales Colon, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion under 18 U.S.C. § 3582(c)(2). Rather than responding, the government moves for summary affirmance. We address the parties' contentions in turn.

## I.

In 2013, Colon was charged with one count of receipt of child pornography, based on an event occurring on June 20, 2013, in violation of 18 U.S.C. § 2252(a)(2) ("Count One"); and one count of possession of child pornography, based on an event taking place the following day, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) ("Count Two"). After a trial, a jury found Colon guilty on both counts.

The presentence investigation report later assigned Colon 2 points under U.S.S.G. § 2G2.2(b)(3)(F) because the receipt and possession offenses also involved distribution of child pornography. Colon objected to this two-level increase both before sentencing and at sentencing, asserting that he did not distribute child pornography. Making a finding that Colon had knowingly distributed child pornography, the court overruled the objection. The court sentenced Colon to 240 months' imprisonment as to each count, set to run concurrently, and 5 years of supervised release.

Later, Colon, proceeding *pro se*, moved the district court to reduce his total sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 801 to the Sentencing Guidelines. He contended that Amendment 801 was implemented, in part, to address a circuit split as to whether a defendant had to "knowingly" distribute child pornography to be eligible for the two-level offense level enhancement under U.S.S.G. § 2G2.2(b)(3)(F). He also asserted that Amendment 801 should apply because there was no evidence presented as to his mental state. He asserted that the amendment would have lowered his guideline range to 168-210 months' imprisonment.

The district court denied Colon's motion, setting forth three bases for this ruling. First, it found that Amendment 801 was a substantive amendment, not a merely clarifying amendment. Second, and in any event, it found that Colon had knowingly placed child pornography in shared files such that he knowingly distributed child pornography even under Amendment 801. Finally, it noted that there would be no prejudice because a two-level reduction of his offense level under the guidelines would have caused it to vary upwards to 240 months. Accordingly, it also denied the motion as a matter of discretion.

This appeal followed.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).[1] We review *de novo* a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding. *United States v. Anderson*, 772 F.3d 662, 666 (11th Cir. 2014).

Once a sentence of imprisonment has been pronounced, a district court's authority to modify it is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1).

Amendment 801, which became effective in November 2016 after Colon was sentenced in 2013, revised the language of U.S.S.G. § 2G2.2(b)(3)(F) from "[i]f the offense *involved* . . . distribution other than distribution described in subdivisions (A) through (E)," to "If the defendant *knowingly engaged* in distribution, other than

---

[1] We are bound by decisions issued by the former Fifth Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (*en banc*).

described in subdivisions (A) through (E)." U.S.S.G. amend. 801 (emphasis added). Importantly, Amendment 801 is not one of the listed amendments in the policy statement in § 1B1.10(d). *Id.* § 1B1.10(d).

On direct appeal, we typically review the district court's application of the Guidelines using the version in effect on the date of sentencing. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). However, we will consider clarifying amendments to the Guidelines on direct appeal, regardless of the date of sentencing, because the amendments do not represent a substantive change in the Guidelines. *Id.* Unlike with clarifying amendments, however, we will not apply substantive amendments retroactively. *Id.*

Amendments to the commentary of the Sentencing Guidelines—or "clarifying amendments"—that are not listed in subsection (d) may be applied retroactively "only in the context of a direct appeal and a 28 U.S.C. § 2255 habeas petition." *United States v. Armstrong*, 347 F.3d 905, 908-09 & n.6 (11th Cir. 2003). In the context of a § 3582(c)(2) reduction of a term of imprisonment, an amendment, whether clarifying or not, may be applied retroactively only if it is listed in U.S.S.G. § 1B1.10(d). *Id.* at 909.

Here, the district court did not err. Amendment 801, which Colon based his instant § 3582(c)(2) motion upon, is not listed in § 1B1.10(d). *See* U.S.S.G. § 1B1.10(d). Therefore, the district court could not reduce his term of imprisonment because Amendment 801 was not retroactively applicable in § 3582(c)(2) proceedings.

*See id.* § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2).  Likewise, Colon's argument concerning the difference between clarifying and substantive amendments is inapplicable here, because that rule only determines whether an amendment is retroactive on direct appeal, not during § 3582(c)(2) proceedings.  *See Jerchower*, 631 F.3d at 1184; *Armstrong*, 347 F.3d at 909.  Accordingly, the district court lacked the authority to modify Colon's total sentence and properly denied his § 3582(c)(2) motion.  *See Phillips*, 597 F.3d at 1194-95.

Moreover, as the district court found, the evidence presented at trial and compiled in the presentence investigation report supported a conclusion that Colon had knowingly engaged in the distribution of child pornography.  And the district court made such a finding at sentencing.  Accordingly, Colon would not benefit from Amendment 801 even if it were retroactively applicable.

For these reasons, the government's position is clearly correct as a matter of law, and we GRANT its motion for summary affirmance.

**AFFIRMED.**[2]

---

[2] We DENY as moot the Government's motion to stay the briefing schedule.