[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10345

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK LASHON HOWELL,
a.k.a. Red Man,
a.k.a. Unc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 4:13-cr-00033-MW-MAF-1

———————————

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Howell, proceeding *pro se*, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C § 3582(c)(1)(A). In response, the government moves for summary affirmance, arguing that the district court correctly denied Howell's compassionate release motion because none of Howell's arguments demonstrated an extraordinary or compelling reason for why he should be granted compassionate release based on COVID-19.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*

We liberally construe the pleadings of *pro se* litigants but will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted). Generally, arguments not raised in the district court and raised for the first time on appeal will not be considered. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

Before the First Step Act of 2018 ("First Step Act"), 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the

district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, as long as the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2). In the 2021 Guidelines Manual, the commentary to § 1B1.13 listed a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*, comment. (n.1(A)-(C)).

The 2023 Guidelines Manual, effective November 1, 2023, amended § 1B1.13. *See* 2023 Guidelines Manual, U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and moves the definition of "extraordinary and compelling reasons" to the text of the Guideline, such that the text of the Guideline definition of "extraordinary and compelling reason" includes, *inter alia*, a terminal illness, or a substantial diminishment to provide self-care due to a serious physical or medical condition or deteriorating physical or mental health because of the aging process. *See* U.S.S.G. § 1B1.13(a)-(b). The amended § 1B1.13 also added new subsections (b)(6) and (c), which provide:

> (6) Unusually long sentence – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the

law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on changes in law – Except as provided in subsection (b)(6), a change in law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise established that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(b)(6), (c).

When reviewing the district court's application of the Guidelines, we apply the version of the Guidelines in effect at the time of the district court's decision. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). On appeal and also in its response in the district court, the government assumes that the 2023 Guideline § 1B1.13 applies to this matter because Howell filed his motion

on November 1, 2023, when the 2023 Guideline was effective.  We do likewise.

Here, we summarily affirm the denial of Howell's compassionate release motion under 18 U.S.C § 3582(c)(1)(A).  The district court did not abuse its discretion in finding that Howell failed to show extraordinary and compelling reasons to justify his release.  Howell argued in his motion that he was at risk of serious illness due to COVID-19 and his age.  Howell did not show how his age or COVID-19 impeded his ability to provide self-care while in prison or that he was suffering from a serious or terminal illness.  U.S.S.G. § 1B1.13(b)(1)(A) and (B).  Further, Howell failed to provide any medical records to support his arguments, but rather conceded that he was vaccinated against COVID-19.  While Howell on appeal argues that he suffers from high cholesterol and sickle cell trait, he did not discuss those conditions in his motion, and thus, they cannot be considered for the first time on appeal.  *Access Now, Inc.*, 385 F.3d at 1331 32.  Additionally, the court did not abuse its discretion when it rejected Howell's arguments regarding the district court's previous 24-month reduction or his rehabilitation efforts as extraordinary and compelling reasons that warranted a sentence reduction.

Because the court found that one of the three prongs for compassionate release was not met it did not have to examine the other prongs.  *Giron*, 15 F.4th at 1348.

According, the judgment of the district court is
**AFFIRMED.**